STOCKING and others *vs.* HUNT.

Where the law has conferred an extraordinary remedy upon a class of creditors, a statute taking away such remedy, but leaving the ordinary means for the collection of the debt in full force, is not, though operating upon existing contracts, a *law impairing the obligation of contracts* within the inhibitory provision in the constitution of the United States.

Accordingly *held,* that the act of 1836, (*Stat. p.* 369, § 2,) repealing the provisions of the revised statutes allowing a landlord to claim rent out of the proceeds of property seized on execution on the demised premises, was valid in its application to leases existing when the act was passed.

The legislature may change the remedy upon, but not the terms or obligation of a contract.

MOTION on behalf of A. Munson, the landlord of the defendant, for a rule requiring the sheriff of Oneida to pay to the landlord two quarters' rent of premises demised to the defendant and occupied by him, out of money which the sheriff had made on a sale of property of the defendant on the demised premises, by virtue of a *fi. fa.* in this case.

The lease to the defendant was made in 1841, the rent payable quarterly. The two quarters' rent claimed were payable on the first days of May and August, 1846. The execution was issued in September, 1846, and the property sold the same month. A proper affidavit had been made, and due notice of the claim given to the sheriff.

*W. J. Bacon,* for the landlord. The landlord had a right to distrain for the rent, although not expressly given or reserved by

the lease. ( *Woodf. Land. and Ten., Lond. ed.* 1804, *p.* 380, *ch.* 13, § 1 ; 1 *R. S.* 747, § 18.) The remedy now sought existed when this lease was made, (*id.* 746, § 12,) and the repeal of the provision by the act of 1846, (*Stat. p.* 369,) could not destroy a right which was then secured by a previous contract These parties—that is, the landlord and tenant—contracted in reference to the law as it then was, and that contract the legislature had no power to alter, in its essence or as to any remedy upon it. This was settled by the case of *Bronson* v. *Kinzie,* (1 *How.* 311.) The following cases were also referred to. (*Sturges* v. *Crowninshield,* 4 *Wheat.* 122 ; *McMillan* v. *McNeil, id.* 209 ; *Ogden* v. *Saunders,* 12 *id.* 213 ; *Mather* v. *Bush,* 16 *John.* 233 ; *McCracken* v. *Haywood,* 2 *How.* 608.) The counsel also said that the act repealing the provision under which this proceeding was taken, did not, in its terms, apply to existing leases, and therefore could not affect this case. ( *Quackenbush* v. *Danks,* 1 *Denio,* 128.)

*F. Kernan,* contra. This remedy, by notice, is one of several, which the landlord had ; he might sue or distrain, as well as give notice to the sheriff when he was enforcing the rights of other creditors of the tenant. The abolition of one of these remedies, was not impairing the obligation of the contract : that was still in full force. The landlord could sue : the legislature had not attempted, by depriving him of this remedy, to exempt any of the tenant's property from execution. It was not like the case of *Bronson* v. *Kinzie,* when the legislature assumed, in effect, to destroy all remedy on the mortgage. Nor was it like *Quackenbush* v. *Danks,* where the attempt was to exempt from execution property which was liable, when the contract was entered into. This was a mere modification of the remedies which a landlord had to recover his rent—or rather it deprived him of one remedy, but still left to him the ordinary course by action, saying nothing about his right to distrain for the rent. The power of the legislature for this purpose, was supposed to be clear and well settled. (*Satterlee* v. *Mathewson,* 2 *Pet.* 380 ;

*Bussing* v. *Bushnell*, 6 *Hill*, 382; *Green* v. *Biddle*, 8 *Wheat.* 1; 1 *Kent*, 419 *to* 421.)

BEARDSLEY, J., after consultation with the other judges, denied the motion. He said they all agreed that the repealing act was valid in reference to this lease, as well as in regard to leases made after its passage. The controversy here, he added, was not between the landlord and his tenant, but between two creditors of the tenant. He owed each of them, and the struggle was for a preference in obtaining payment. Under the statute, (1 *R. S.* 746, § 12,) the landlord had the vantage ground, but the legislature of last winter thought that unreasonable, and repealed the enactment by which it was conferred. (*Laws* 1846, *p.* 369.) But this repealing statute did not impair the obligation of the tenant to pay rent, nor in the slightest degree interfere with it. He might still be sued; and his entire property was as much subject to execution and sale for the payment of this rent, since the repealing act was passed, as before.

The agreement of the tenant gave no such preference to the landlord, nor could it be secured in that way. Here was the tenant's property, liable to be taken in execution by any of his creditors. These plaintiffs made such a levy, and so far had made themselves secure. But the revised statutes had given a preference to a landlord, over such execution creditors, and this was an undoubted right until the last session of the legislature. Other views then prevailed, and the repealing statute declared that this preference should exist no longer. We hold that the legislature was fully competent to pass this statute: it did not touch the obligation of the tenant's contract. He was liable on it as before: the legislature only said that this extraordinary remedy, giving a preference to a landlord over an execution creditor, was unreasonable, and should not be continued.

In the nature of things, there is a distinction between the change of a contract and a change of the remedy to enforce the performance of the contract. Under the constitution of the United

States, the former power is denied to the several states, but the latter exists in full force.   All the adjudged cases recognize and proceed upon this distinction.   The question now before the court has no reference to the contract of the tenant: the statute does not assume to alter or modify that.   The landlord may sue and enforce payment by judgment and execution, if property can be found.   The repealing statute interposes no obstacle.   It has merely deprived him of an advantage given to him by a former st. tute over execution creditors of the tenant.   It has affected the relative rights of these creditors, but has, in no sense, touched or impaired the obligation of any contract whatever.

Motion denied.

# CASES

# SUPREME COURT

## STATE OF NEW-YORK,

IN OCTOBER TERM, 1846.