I am entirely satisfied that neither ground of objection to the plaintiff's right of action was well taken.
The act of May 13th, 1846, does not change the contract, as contained in the lease, but merely affects the remedy for the breach of the covenant for the payment of the rent. Instead of a distress for non-payment of rent, it allows an action of ejectment to be maintained to recover possession. The landlord, however, before he can bring such action, must give fifteen days' notice of his intention to do so to the grantee or lessee, his heirs, executors, administrators or assigns. *Page 306 
The legislature had a lawful right to change the remedy given by existing laws for the collection of rents, to abolish distress and substitute the action of ejectment in its stead. The tenant is as effectually protected against the exactions of the landlord, under the notice of fifteen days, as he formerly was under a distress warrant to collect the rent. If no sufficient distress could be found on the premises, the landlord was then authorized to reënter. Now he may reënter after fifteen days' notice of his intention to do so, in case the rent in the mean time is not paid.
The following authorities may be referred to amongst many others, to establish the right of the legislature to change and modify the remedies given by law for the enforcement of existing contracts: (Morse v. Goold, 1 Kernan, 281; 2 Barb. S.C.,
316; 3 Denio, 274; 5 Hill, 334 and 336.)
The second ground relied upon in support of the motion for a nonsuit is entirely untenable.
The notice served on the defendant, of an intention to reënter, was in form and in substance a strict compliance with the 3d section of the act.
The judgment should be affirmed.
Judgment accordingly.