## VAN RENSSELAER *against* SNYDER.

The act abolishing distress for rent, and providing that where a right of re-entry is reserved to the lessor in default of property whereon to distrain for rent, such re-entry may be made after default and the notice prescribed by the act notwithstanding there may be sufficient property on the premises to satisfy the rent (Laws of 1846, 369), applies to leases in force when it was passed and is valid.[1]

As to such leases, the act is not in conflict with the provisions of the federal constitution forbidding a state to pass any law impairing the obligation of contracts.

Accordingly, where by the terms of a lease executed in 1794, the lessee covenanted to pay the rent annually, on the first day of January; and it was *further provided, that on default the lessor might distrain, and should there be no sufficient distress or should the lessee fail to perform any covenant contained in the lease, the lessor might re-enter; and in June, 1846, several years' rent being in arrear, the lessor served, as prescribed by the act of 1846, a notice stating that he intended to re-enter, unless the arrears of rent then due were paid within fifteen days; in ejectment commenced after the expiration of the time specified in the notice; *Held*, That the act was valid, the notice sufficient, and the plaintiff entitled to recover.  [*300

Van Rensselaer *v.* Snyder, 9 Barb. 302, affirmed.

ÉJECTMENT, to recover a parcel of land situate in Albany county, commenced in the supreme court in August, 1846. The action was tried in 1849, before Mr. Justice Parker, at the Albany circuit. The plaintiff read in evidence a lease, dated the 18th of December, 1794, executed by Stephen Van Rensselaer to Benjamin B. Decker, whereby the former demised and granted to the latter, lot No. 133, in Rensselaerville, in the county of Albany, forever, at an annual rent, payable in produce and services, by the lessee, his heirs or assigns on the first day of January in each year. The lease contained a covenant by which the lessee for himself, his heirs and assigns, agreed to pay the rent reserved at the times specified for such payment. It also contained the following provisions: " Provided always, nevertheless, that if it shall so happen that the rent above

---

[1] *Conkey* v. *Hart*, 14 N. Y. 22. *Gould* v. *Rogers*, 8 Barb. 502.

reserved, or any part thereof, shall be behind and unpaid by and for the space of twenty-eight days next after the said days of payment, that then, and in every such case, it shall and may be lawful to and for the said Stephen Van Rensselaer, his heirs and assigns, or any of them, at the option of the said Stephen Van Rensselaer, his heirs or assigns, at any time thereafter, either to prosecute for the recovery of all rents then due, in some court of record; or in person, or by his or their servant or servants, bailiff or bailiffs, into the whole or any part of the premises to enter, and there to distrain, and the distress so taken to lead, drive and carry away, and the same to expose to sale at public vendue, and out of the moneys therefrom arising to deduct the rent then due and in arrear, together with the costs *and *301] charges of distress and sale, and to return the overplus if any there be, unto the said party of the second part, his heirs and assigns. And provided further, and these presents and everything herein contained are upon this express condition, that if it should at any time happen that no sufficient distress can be found upon the premises to satisfy such rent, due and in arrear as aforesaid, or if either of the covenants and conditions hereinbefore contained, on the part of the said party of the second part, his heirs and assigns, to be performed, fulfilled and kept, shall not be performed, fulfilled and kept, or shall be broken, that then, and in each and every such case, from thenceforth, and at all times thereafter, it shall and may be lawful to and for the said Stephen Van Rensselaer, his heirs and assigns, or any of them, into the whole of the said hereby granted premises, and in any and every part thereof in the name of the whole, to reënter, and the same, as of his and their former estate, to have again, repossess and enjoy, and the said party of the second part, his heirs and assigns, and all others, thereout and from thence utterly to expel, put out and amove; and that from and immediately upon such entry, made by the said Stephen Van Rensselaer, his heirs or

assigns, these presents, and everything herein contained, shall cease, determine, and become void and of no effect, this indenture or anything herein contained to the contrary hereof, in any wise, notwithstanding."

It was proved that there was due for arrears of rent, on the whole lot demised, to and including that which became payable on the first of January, 1846, the sum of $183.68; and that the defendant was in possession of about eighty acres of the premises demised, being over one-half thereof, during the whole of the year 1846. On the 17th of June, 1846, the plaintiff served a written notice on the defendant, by leaving the same with the defendant's wife at his dwelling-house on the premises, stating that he the plaintiff intended to reenter on the premises situate in the town of *Rensselaerville, in the county of Albany, demised by Stephen [*302 Van Rensselaer, deceased, to Benjamin B. Decker, and of a part or the whole of which he, the defendant, had possession, unless the arrears of rent then due thereon should be paid within fifteen days after the service of the notice. A copy of the act of 1846 was attached to the notice. It was further proved, that the lessor died in 1839, and that the plaintiff was his devisee of the premises in question, and that the rent in arrear accrued after the decease of the lessor. The counsel for the defendant moved that the plaintiff be nonsuited, on the grounds: 1. That the act of the legislature of May 13, 1846, abolishing distress for rent and for other purposes, so far as it relates to reëntry, is unconstitutional; and 2. That the notice served was defective in not showing a demand of rent and of the amount due. The court overruled the objections, and refused to nonsuit the plaintiff, and the counsel for the defendant excepted. The plaintiff had a verdict for the premises in question; and the defendant applied to the supreme court of the 3rd district at a general term on a bill of exceptions for a new trial, which was denied, and judgment rendered on the verdict. The defendant appealed to this court.

*H. Harris*, for the appellant.

*C. M. Jenkins*, for the respondent.

GARDINER, C. J. The contract between the landlord and the tenant in this case provides, among other things, for the payment of the rent reserved, by the lessee, and then declares that these presents and everything therein contained are upon this express condition, that if no sufficient distress can be found upon the premises to satisfy such rent due and in arrear as aforesaid, or if either of the conditions and covenants thereinbefore contained, upon the part of the lessee to be performed, fulfilled and kept, shall *not be performed, fulfilled and kept, or shall be broken, that then and in each and every such case, from thenceforth and from all times thereafter, it shall be lawful for the grantor to enter, &c.

The act of 1846 (ch. 274) abolished the remedy of distress for rent, and provided that whenever a right of reëntry was reserved to a grantor, in default of a sufficiency of goods whereon to distrain for the satisfaction of any rent due, such reëntry might be made at any time after default in the payment of such rent, provided fifteen days previous notice in writing should be given, notwithstanding there might be a sufficiency of goods on the lands demised, &c.

It is claimed by the defendant that this act is unconstitutional, as impairing the obligation of the contract above quoted.

The terms " sufficient distress," in the grant, are not equivalents for " sufficient property to satisfy the rent." They refer to property not only sufficient in kind and value, for that purpose, but which, in addition, is subject by law to be distrained and sold, in satisfaction of the rent in arrears. They include the idea of an existing legal remedy, as well as of property subject to it. If this is the force

of that expression, the parties to the grant must be presumed to have contracted in reference to the power and right of the legislature to modify or annul that remedy in common with others. The effect of abolishing distress for rent, by statute, would not be to change the contract, but to render a performance of the stipulated condition impossible. The tenant might have any assignable amount of personal property upon the premises, but he could not, after the passage of the act, have a " sufficient distress." As the parties contracted in reference to the possibility that the legislature might exercise the undoubted power which they possess over this particular remedy, neither should be concluded by the precise terms of their contract.

*The tenant ought not to lose his estate by the non-performance of the condition subsequent upon which [*304 it was in the demise made dependent, nor ought the landlord to be deprived of resort to any legal remedy to enforce payment of the rent, which the wisdom of the legislature might substitute in place of the one mentioned or implied in the agreement. This, as it seems to me, was the situation of these parties at the commencement of the suit. The tenant had covenanted to pay the rent, and stipulated that if he broke this covenant the grantor might reënter. The landlord's remedy upon a breach of this condition was a proceeding at common law. The lessee had also agreed that, if the rent was in arrear, "sufficient distress" could always be found upon the premises to satisfy that rent, and if not, the grantor might reënter for this cause also. For failure in this particular the landlord could proceed at common law or under the statute. (2 R. S., 597.) Then came the law of 1846. The right to distrain was abolished. There could, therefore, be no sufficient distress upon or off the premises. The tenant could not comply with a condition which contemplated the continuance of a procedure which was superseded by the paramount authority of the legislature. He was therefore

excused from performance. But he could pay the rent: this was quite possible; and the legislature declared that he should do this, after previous notice of fifteen days to that effect, or that the landlord might reënter. The remedy is given as to all leases which contain a covenant of reëntry for want of a sufficient distress for rent in arrear, but it is not granted because the lessee failed to fulfill that particular condition, but because he failed to pay his rent.

The character of the grant or demise in this respect is used to designate the class of cases to which the law is applicable, but this reference no more affects the contract than if the statute had included all leases in writing.

The law, therefore, is not obnoxious to the objection of impairing the obligation of the contract.

*305] \*The agreement of the parties embraced in its provisions a legal remedy for the recovery of a rent, that of distress. To make this remedy available, the tenant covenanted that, after default in the payment, he would keep a "sufficient distress" upon the premises.

The law of 1846 deprived the landlord of the power to distrain, and the tenant of his power, consequently, to comply with his agreement. But it provided a new remedy, in cases where a right of reëntry was reserved, to enforce the collection of the debt due the landlord. This was an ordinary and proper exercise of legislative power, unless individuals by contract can perpetuate a legal remedy in spite of the legislature, which is absurd. No objections have been made, to my knowledge, to the constitutionality of the act authorizing summary proceeding to recover the possession of land, and yet the 2d subd. of the 28th section allows the removal of the tenant for the non-payment of rent, where he shall have taken the benefit of an insolvent law. (2 R. S., 513, § 28, *subs.* 2 *and* 3.) The right thus given to the landlord to regain possession was independent of the contract, and so is the remedy in the present case. The judgment of the supreme court should be affirmed.

CRIPPEN, J. I am entirely satisfied that neither ground of objection to the plaintiff's right of action was well taken.

The act of May 13th 1846 does not change the contract, as contained in the lease, but merely affects the remedy for the breach of the covenant for the payment of the rent. Instead of a distress for non-payment of rent, it allows an action of ejectment to be maintained to recover possession. The landlord, however, before he can bring such action, must give fifteen days' notice of his intention to do so to the grantee or lessee, his heirs, executors, administrators or assigns.

*The legislature had a lawful right to change the remedy given by existing laws for the collection of [*306] rents, to abolish distress and substitute the action of ejectment in its stead. The tenant is as effectually protected against the exactions of the landlord, under the notice of fifteen days, as he formerly was under a distress warrant to collect the rent. If no sufficient distress could be found on the premises, the landlord was then authorized to reënter. Now he may reënter after fifteen days' notice of his intention to do so, in case the rent in the mean time is not paid.

The following authorities may be referred to amongst many others, to establish the right of the legislature to change and modify the remedies given by law for the enforcement of existing contracts : (*Morse* v. *Goold*, 1 *Kernan*, 281; 2 *Barb. S. C.*, 316; 3 *Denio*, 274; 5 *Hill*, 334 and 336.)

The second ground relied upon in support of the motion for a nonsuit is entirely untenable.

The notice served on the defendant, of an intention to reënter, was in form and in substance a strict compliance with the 3d section of the act.

The judgment should be affirmed.

Judgment accordingly.