# WOLFKIEL *a.* MASON.

*New York Common Pleas; General Term, July,* 1863.

SECURITY ON APPEAL.*—CONSTITUTIONAL LAW.

The amendment of section 348 of the Code of Procedure made by the Laws of 1862, ch. 460, § 37,—which provides that no action shall be maintained on undertakings given thereunder while an appeal is pending,—applies as well to undertakings theretofore given, and to appeals theretofore taken, as to those thereafter given and taken.

---

* In WELLS *a.* KELSEY (*Supreme Court, Second District; Special Term, May,* 1863), it was *Held,* that a release of a portion of a judgment-debtor's property from the judgment-lien discharged his sureties on appeal, and that after such release the judgment should not be marked, "Secured on appeal."

Motion to have judgment marked, "Secured on appeal."

Judgment was recovered in this action by Thomas J. Wells against Charles Kelsey for $923.90, which was affirmed on appeal by the general term of the second district. (15 *Ante,* 53.) The defendant appealed to the Court of Appeals, and gave the proper undertaking to stay proceedings. The present motion was made by the defendant for an order directing the clerk to mark the judgment secured on appeal, under section 282 of the Code, to enable the defendant to obtain a loan upon the real estate affected by the judgment. The motion was opposed upon the ground that, since the undertaking on appeal was given, the attorney for the plaintiff had executed a release of certain parts of the real estate of the defendant from the operation of the judgment, and the legal effect of this was to discharge the sureties in the undertaking.

*Britton & Ely,* for the motion.

*Crary, Feeter & Cronin,* opposed.—I. The motion is addressed to the sound discretion of the court, and is not to be granted to the defendant as a matter of right. (Fitch *a.* Livingston, 4 *Sandf.*, 712.)

II. The release executed by the attorney for the plaintiff after appeal, brought without the consent of the sureties, discharges them from liability upon the undertaking. (Pitts *a.* Congdon, 2 *N. Y.*, 352; La Farge *a.* Herter, 9 *N. Y.*, 241; Dixon *a.* Ewing's Adm., 3 *Ohio,* 280; Hubbel *a.* Carpenter, 5 *Barb.*, 520.)

III. The sureties being discharged, the order asked for "secured upon appeal" would be false, and this court will not be a party to the assertion of a falsehood or the deprivation of the plaintiff's rights.

SCRUGHAM, J., on this ground, denied the motion, except on terms of defendant's giving new security on the appeal.

It is within the power of the Legislature to pass an act which suspends the reme-
dy upon a contract, provided it does not impair the ultimate liability.

Appeal from an order denying a motion for judgment on an answer as frivolous.

This action was brought by James R. Wolfkiel against Sidney Mason and T. Bailey Myers, upon an undertaking given to stay proceedings pending an appeal to the general term, taken by the Sixth Avenue Railroad Company from a judgment, in another action, in favor of the present plaintiff. This judgment was affirmed; and the present action was brought on the 7th April, 1862. After the commencement of this action, the Sixth Avenue Railroad Company appealed from the judgment of affirmance in the former action to the Court of Appeals, and gave the requisite security.

Meanwhile, and after the action was brought, the Legislature provided by law (*Laws of* 1862, 859, ch. 460, § 37), by a provision added to section 348 of the Code of Procedure (under which the undertaking in suit was given), "that no action shall be commenced upon any undertaking given or to be given in pursuance of the provisions of this section, until ten days after the service of notice on the adverse party of the entry of the order or judgment affirming the judgment appealed from. And in case an appeal has been or shall be taken to the Court of Appeals from such order or judgment of affirmance, and security given according to law so as to stay the issuing of execution, no action shall be commenced or recovery had upon any undertaking given or to be given in pursuance of the provisions of this section until after the final determination of such appeal."

The answer, which was served May 8th, 1862, averred that since the commencement of the action the Sixth Avenue Railroad Company had so appealed to the Court of Appeals, and had given the security required by law to stay the issuing of execution on the judgment appealed from, of which the plaintiff had due notice; and that, subsequently, defendants had tendered the costs of the present action to the plaintiff, on condition that he would discontinue or suspend proceedings until the determination of the appeal. A motion for judgment on this answer as frivolous was denied, and the defendants were allowed to put in a new answer. The plaintiff appealed.

*Daniel T. Walden,* for the appellant.—I. At the time the answer was served, an action might be maintained on this undertaking notwithstanding the appeal to the Court of Appeals. (Burrall *a.* Vanderbilt, 6 *Abbotts' Pr.,* 70; S. C., 1 *Bosw.,* 637.) The act of 1862, amending section 348 of the Code, took effect as a law in twenty days after its passage, there being no time specified in the act (viz., May 13, 1862). (1 *Rev. Stat.,* 157, § 12.) As the law then stood, the answer was clearly frivolous.

II. By no argument can the act, as amended, apply to the proceedings had previous to its taking effect. 1. The character of the security required to be given under the amendment of 1862 is different from that prior to the amendment. The form of the undertaking was changed by the amendment of section 335. An undertaking given under section 335 before the amendment, is not an undertaking "in pursuance of section 348. 2. The appeal to the Court of Appeals was taken before the amendment to the Code went into effect; the security given according to law to stay the issuing of an execution was according to the law as it existed at that time. The right of action was vested in the plaintiff at the time this action was commenced, and the act of the Legislature amending the Code should not be construed to operate retrospectively so as to take away a vested right. (Dash *a.* Van Kleek, 7 *Johns.,* 477; see People *a.* Cornel, 6 *N. Y.,* 463; Ely, *a.* Holton, 15 *Ib.,* 595; Ward *a.* Oakley, 11 *Paige,* 400.) No law should be construed to apply retrospectively, unless there is the clearest evidence that the Legislature intended it should so operate; if it be doubtful or questionable from the language, the court will not so construe it. (Sanford *a.* Bennett, 24 *N. Y.,* 20.)

*John H. Platt,* for the respondents.—I. The amendment to section 348 applies to proceedings had previous to its taking effect, otherwise many words of the clause are totally without meaning.

II. The undertaking sued on was given in pursuance of the provisions of section 348.

III. An appeal has been taken to the Court of Appeals from the judgment in the cause in which the undertaking sued on was given, and "security given according to law so as to stay

the issuing of execution." This is a bar to a present recovery in this action, and is properly set up by way of answer.

IV. The amendment of section 348 does not deprive the plaintiff of any vested right, but only suspends his remedy. This it was perfectly competent for the Legislature to do. (Stocking a. Hunt, 3 *Den.*, 274; Sullivan a. Brewster, 1 *E. D. Smith*, 681; Miller a. Moore, *Ib.*, 739; Brewster a. Palmer, 1 *Hill*, 324; Curtis a. Leavitt, 15 *N. Y.*, 9, 85, 152, 153; People a. Herkimer C. P., 4 *Wend.*, 210.) The rule that a statute shall be so construed as not to have a retrospective effect, does not apply where the statute by express words is made retrospective. (See Butler a. Palmer, 1 *Hill*, 334.)

V. Whatever view the court may take of the answer, it cannot order judgment. No recovery can be had in this action while the appeal in the other cause is pending in the Court of Appeals. (*Code*, § 348.)

BRADY, J.—The amendment to section 348 by the act of 1862 (*Sess. Laws*, 1862, p. 846) applies as well to appeals theretofore as to those thereafter taken. The act provides that "in case an appeal has been taken or shall be taken to the Court of Appeals from an order or judgment of affirmance," no action shall be commenced or recovery had upon any undertaking given or to be given in pursuance of the provisions of the section referred to until after the determination of such appeal. The words " has been," " no action shall be commenced or recovery had upon any undertaking given or to be given," show clearly that it was the design of the amendment to suspend the remedy of the respondents upon the undertaking filed upon the appeal in the court below. The respondents were not deprived of any right by subjecting them to the provisions of the amendment. Their remedy was suspended only. The power of the Legislature to do this cannot be questioned. (Stocking a. Hunt, 3 *Den.*, 274; Sullivan a. Brewster, 1 *E. D. Smith*, 681; Miller a. Moore, *Ib.*, 739.)

The interference of the Legislature was just. The appeal to the Court of Appeals was imperfect if an action upon the judgment of affirmance against the sureties and such appeal could proceed, *pari passu*, together. It is said, however, that the security provided by the amendment of section 335 was not

given in this case, and that the amendment of section 348 must be supposed to contemplate such security. The language of the statute does not warrant such a conclusion. The act must be regarded in reference to the law existing at the time it was passed, inasmuch as it relates in express language to an appeal which "has been taken." The language is retrospective, the object of the Legislature being to secure the advantages of appeals which had then been taken, and to arrest proceedings upon the undertakings which had been given and upon which actions had been brought. The additional security of section 335 is only to the undertaking on the part of the sureties to pay the judgment if dismissed. The intent was doubtless to make the obligation one to pay the judgment if the appeal was dismissed, but whether that be so or not it is not necessary here to decide. It is sufficient to say that even if the undertaking were in accordance with section 335 as amended, it is doubtful whether the security would be better than with the form of the undertaking which was given on the appeal in this case.

I think the order appealed from should be affirmed, with $10 costs.

DALY, F. J., and HILTON, J., concurred.