GEORGE W. RADER v. THE SOUTHEASTERLY ROAD DISTRICT OF THE TOWNSHIP OF UNION, IN THE COUNTY OF UNION.

1. The power of the legislature over corporations created for purposes of local government, is supreme. The legislature may alter or repeal the charter at any time, in its discretion. The only limitation on the operation of such repeal is as to creditors, that it shall not operate to impair the obligation of existing contracts, or deprive them of any remedy for enforcing such contracts that existed when they were made.

2. Any legislation, the effect of which is to deprive a party of the power to resort to the person or any property which, as the law was when the contract was made, might have been taken or applied in satisfaction of his demand, is within the prohibition of paragraph 3, section 7, Article IV, of the Constitution of New Jersey, which prohibits the legislature from passing any law "depriving a party of any remedy for enforcing a contract which existed when the contract was made." But the legislature may make laws incidentally affecting the pursuit of remedies for enforcing existing contracts, such as regulating the admission of evidence, the course of practice, and similar acts, altering in mere matters of form the means of realizing the benefits of a contract, leaving the substance of the remedy unaffected.

3. The right to recover costs is no part of the remedy which inheres in the contract. That right is purely incidental, and depends on the state of the law when the suit is determined. Until judgment pronounced, the right to costs does not become vested. The legislature

may, after contract made and even pending suit on it, constitutionally pass laws which change the costs recoverable, or deprive the party of costs.

4. In 1871 a portion of the township of Union was created a separate corporation, for the purpose of laying out, opening, and improving streets. The work was to be executed under the supervision of commissioners, who were authorized to borrow money and issue bonds of the corporation, and to cause assessments to be made on lands benefited, to defray the expenses. In 1872 the act of incorporation was repealed. By the repealing act it was provided, that the repeal should not affect or impair any legal contract of the commissioners, or any indebtedness contracted for improvements, and the township committee of the township of U. was authorized to compromise or complete such contracts, and to issue township bonds to provide funds therefor, and to make and collect assessments to pay expenses, in the same manner as the commissioners had been empowered—*Held*, that the repealing act was constitutional, as affecting a creditor who had furnished supplies to the commissioners before the repeal, although an action for the same was pending when the repealer became a law.

On demurrer to plea.

The defendants were created a corporation for the purpose of laying out, opening, and improving streets, roads, highways, and public parks, within prescribed limits, by an act of the legislature, entitled an act in relation to streets in Union township, in Union county, passed on the 29th of March, 1871. *Acts*, 1871, *p.* 1034. The execution of the work was to be under the supervision of five commissioners, called commissioners of public roads, who were authorized to borrow money and issue bonds of the corporation, to defray the expenses of the improvement, and to cause assessments to pay the same, to be made on lands benefited. The plaintiff furnished certain supplies for the construction of sewers, and on the 14th of February, 1872, brought this action for the same. Pending the suit, the legislature, by an act passed on the 1st of April, 1872, repealed the act incorporating the defendants, but provided that the repeal should not in any way affect or impair any legal contract which the commissioners named in the first act had made, and which remained unexecuted in

whole or in part, or any indebtedness contracted for improvements under the original act, and the township committee of the township of Union were empowered to compromise and settle with the contractors, or to carry out and complete such legal contracts by the commissioners under the original act, and were authorized to issue bonds of the township to provide funds for that purpose, and to make and collect assessments necessary for the payment of the expenses of completing and carrying out the contracts of the commissioners, in the same manner as the commissioners were entitled to under the original act.   *Acts*, 1872, *p.* 973.

The defendants pleaded the repealing act, and averred that thereby " the township committee of the township of Union, in the county of Union, are required to pay all just debts contracted by the said commissioners of the said district for improvements, under the said act first above mentioned, whereby, and by force whereof, the debts contracted by the said commissioners of said district for said improvements, of which the said plaintiff's debt is one as aforesaid, are chargeable to, and payable solely by the said township committee of the township of Union, and no action can be had or maintained against this defendant corporation therefor."

Argued at February Term, 1873, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and DEPUE.

For the plaintiff, *R. S. Green.*

For the defendants, *J. R. English* and *B. Williamson.*

The opinion of the court was delivered by

DEPUE, J. To this plea of the defendants, a demurrer was filed.   The question discussed on the argument was, whether the act of 1872 affects the claim of the plaintiff, and deprives him of his suit.

The contract was made with the commissioners, and the

goods for which the suit was brought were delivered, and the action commenced before the passage of the act of 1872.

It is insisted that the repealing act is, with respect to contracts made before it was passed, unconstitutional, in that it impairs the obligation of a contract, and deprives the plaintiff of a remedy for enforcing his contract, which existed when the contract was made. *Const. N. J., Art. IV, Sec.* 7, ¶ 3.

The power of the legislature over corporations created for purposes of local government, is supreme. From a grant of this character, no contract arises with the corporators which exempts it from legislative control. The legislature may alter, modify, or repeal the charter at any time, in its discretion. The only limitation on the operation of such repeal is as to creditors, that it shall not operate to impair the obligation of existing contracts, or deprive them of any remedy for enforcing such contracts which existed when they were made. *The People* v. *Morris,* 13 *Wend.* 325; *The State* v. *Brannin,* 3 *Zab.* 484; *City of Paterson* v. *The Society, &c.,* 4 *Zab.* 386; *Von Hoffman* v. *The City of Quincy,* 4 *Wall.* 535; *Butz* v. *City of Muscatine,* 8 *Wall.* 575; *Dillon on Municipal Corp.,* §§ 36, 114.

In construing that clause of the constitution of the United States, which prohibits the states from enacting any law impairing the obligation of contracts, the courts made a distinction between the obligation of a contract and the remedy upon it. Whilst the former was under the protection of the constitutional prohibition, it was considered that the remedies for enforcing existing contracts were under the control of the state legislatures, and might be modified and changed in their nature and extent, provided a substantive remedy be left. 2 *Story on Const.,* § 1385; *Cooley on Const. Lim.* 287. It was accordingly held, that laws abolishing imprisonment for debt, or exempting a portion of a debtor's property from execution, or depriving the creditor of an extraordinary remedy, such as by distress, or abolishing priority of rent over, executions, might constitutionally be passed and made appli-

cable to prior contracts, as such statutes pertained exclusively to the remedy. *Sturges* v. *Crowningshield*, 4 *Wheat.* 122 ; *Mason* v. *Haile*, 12 *Wheat.* 370 ; *Stocking* v. *Hunt*, 3 *Denio* 274 ; *Morse* v. *Goold*, 1 *Kernan* 282 ; *Van Rensselaer* v. *Snyder*, 3 *Ib.* 300.

So, also, it was held, that although the repeal of an act of incorporation dissolved the corporation, and made it incapable of being sued in a court of law, yet, inasmuch as on such dissolution, its property and effects became trust funds for the payment of debts which creditors might follow in equity, such repeal was not unconstitutional, unless the repealing statute appropriated the property to other uses, and thus deprived creditors of the power to follow its assets in equity. *Mumma* v. *Potomac Co.*, 8 *Pet.* 281 ; *Curran* v. *Arkansas*, 15 *How.* 524 ; *Bacon* v. *Robertson*, 18 *Ib.* 480.

Indeed, as was said by Mr. Justice Swain, in Von Hoffman v. City of Quincy, " No attempt has been made to fix, definitely, the line between alterations of the remedy which are to be deemed legitimate, and those which, under the form of modifying the remedy, impair substantial rights ; every case must be determined upon its own circumstances." The decisions on this subject, while they uniformly recognize the existence of this distinction, are not harmonious in the application of it. In many instances, embarrassment, if not injustice to creditors, in the collection of debts, arose from laws, modifying and taking away remedies which existed when the contract was entered into, which also gave rise to much litigation to determine whether particular laws enacted for that purpose were within legislative powers.

This vexed question was before the Supreme Court of the United States, in *Bronson* v. *Kinzie*, 1 *How.* 311, and *McCrackin* v. *Hayward*, 2 *Ib.* 608. Chief Justice Taney, in pronouncing judgment in the former case, declared that whatever belonged merely to the remedy, might be altered according to the will of the state, in relation to past contracts, as well as future, provided the alteration did not impair the obligation of the contract ; and that, although the new remedy might be less convenient than the old one, and in

some degree render the recovery of debts more tardy and difficult, it would not follow therefrom that the law was unconstitutional. Among the illustrations of the power of legislatures over the remedy on existing contracts used by the Chief Justice, was the exemption of certain property of the debtor from process of execution.

Bronson v. Kinzie was decided in January, 1843, and McCrackin v. Hayward in January, 1844. In June, 1844, the convention which framed our present constitution, assembled. In the third paragraph of Sec. 7, Art. IV., of that instrument, it was declared that, " the legislature shall not pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made." The latter clause of this paragraph was not in the section originally reported, but was added by amendment, advocated by Messrs. Ryerson, Vroom and Green, and adopted by the decisive vote of 36 to 9. Afterwards, a motion was made to strike it out, which, after discussion, was lost without a division.

This provision is peculiar to the constitution of this state. and is regarded as having an important effect in restriction of the power of the legislature over remedies. *Sedg. on Stat. and Const. Law* 617, *n.* 656. The only instances in which the construction of this clause has received judicial consideration, are in the cases of *Martin* v. *The Somerville Water Power Co.*, 3 *Wall., Jr., C. C. R.* 206 ; and *Potts* v. *New Jersey Arms and Ordnance Co.*, 2 *C. E. Green* 395. The case of *Potts* v. *The Trenton Water Power Co.*, 1 *Stockt.* 592, was decided on an act passed before the adoption of the present constitution. In Martin v. The Somerville Water Power Co., the facts were these : The defendants, an incorporated company, in 1848 issued negotiable bonds for $50,000, secured by a mortgage on their real estate, property, and franchises. One of the conditions of the bonds was, that if default should be made of the payment of the $50,000, or any part thereof it should be lawful for any holder to enter upon the premises

Rader v. Southeasterly Road District of Township of Union.

and to sell and dispose of them, and of all benefit and equity of redemption; and to make good and sufficient deeds, &c. The company having become insolvent, receivers were appointed in chancery, and in 1856, two acts of the legislature were passed, which empowered the receivers to sell the real estate, franchises, and works of the company, free and clear of all mortgages, judgments, and other liens, and from the proceeds to deduct a reasonable allowance for commissions and services theretofore rendered by them as receivers, and all expenses incurred in effecting a sale, and the costs and expenses of the chancery suit, wherein they had been appointed receivers, and to pay from the residue all just and lawful debts in their order of priority. The mortgaged premises having been sold by the receivers, and the bonds being unpaid, sufficient money not being realized from the sale to pay them in full, a bill was filed in the Circuit Court of the United States to foreclose the mortgage, and to restrain the receivers from proceeding further under the acts of the legislature. The argument was upon the constitutionality of the acts of the legislature authorizing the sale, and Mr. Justice Grier held them to be invalid, for the reason that they impaired the obligation of the contract, in that precedence was given to costs and expenses not confined to the costs of sale, and also for the reason that the mortgagees were, in violation of the clause above quoted, deprived of a remedy which they had by their contract, to be used at their option and discretion, as to the time and mode of sale, and the remedy they had by law, of entry on the premises and receipt of the rents and profits.

In Potts *v.* N. J. Arms and Ordnance Co., the question before the court was the constitutionality of a supplement to the act to prevent fraud in incorporated companies, (*Acts,* 1866, *p.* 296,)* as affecting mortgages and encumbrances existing before its passage. The supplement authorized receivers of insolvent corporations to sell the property of such corporations which was encumbered by mortgages and other liens, which were disputed, clear of such encumbrances, paying the

* *Rev., p.* 192, § 84.

money into court, there to remain, subject to the same liens and equities as the property was before. The application was by the receivers for an order to sell, and was heard by Carpenter, Master, who decided that the act was constitutional.

It will be perceived that in Martin v. The Somerville Co., the mortgagees had two remedies, the one by contract, and the other by law. They were, by the acts of the legislature, deprived of both, and the substituted remedy was subordinate to other demands which were not entitled to precedence until made so by the legislature. Enough money was not realized from the sale to pay the mortgages. The rights of the mortgagees were materially and substantially prejudiced by the substitution of the proceeding provided for effecting the sale in the place of the remedies which existed when their contracts were made. In the case cited from 2 C. E. Green, it was not suggested that the mortgagees were in danger of losing any part of their debts, or that enough would not be realized from the sale to discharge their claims in full. The learned master evidently regarded the proceedings as expediting the collection of such debts, and affording the encumbrancers, by a remedial statute, a speedier and more direct mode of obtaining satisfaction of their demands. He very properly, under such circumstances, considered the loss of the option when they should seek their remedy, and in what form of proceeding, as too unsubstantial a loss to amount to a deprivation of a remedy within the meaning of the constitutional provision.

It is clear that any legislation, the effect of which is to deprive the party of the power to resort to the person or any property, which, as the law stood when the contract was made, might have been taken or applied in satisfaction of his demand, is within the constitutional prohibition. The evil at which this peculiar provision was mainly directed, was the construction put upon the provision of the constitution of the United States relative to the obligations of contracts, admitting the power of the states to pass laws abolishing imprison-

ment for debt, and exempting property from execution, and make such laws applicable to existing contracts, whereby the value of contracts in the ability to enforce performance was in many instances seriously impaired.

It is equally clear that the legislature may make laws which incidentally affect the pursuit of remedies for enforcing existing contracts; as, for instance, such as regulate the admission of evidence, the course of practice in the courts, the mode of conducting sales under judgments and executions, and altering the forms of action, or prescribing periods for the limitation of actions within a reasonable time. In this class may be included acts changing a corporate name, or increasing corporate limits, and similar acts, altering or modifying in mere matters of form, the means of realizing the benefits of a contract, leaving the substance of the remedy unaffected.

In this case the corporation dissolved was not such as was the owner of any property. Its franchises consisted of its powers to lay out, open and improve streets, roads, highways, and public parks, within the designated boundaries, and to assess the cost thereof on the. lands of individual proprietors within those limits; and it was given capacity of suing and being sued, and of having and using a common seal, solely for the purpose of executing such powers. No tax could be laid by its authority except for that purpose. A repealing act which dissolved the corporation, and extinguished the capacity to make assessments to discharge the debts contracted in execution of the work, would be an act impairing the obligation of contracts, inasmuch as creditors would thereby be deprived of all remedy. *Curran* v. *Arkansas*, 15 *How.* 304; *Von Hoffman* v. *City of Quincy*, 4 *Wall.* 535.

But the repealing act carefully avoids this result. It, in express terms, provides that the repeal of the former act shall not in any way affect or impair any legal contracts of the board of commissioners, or any indebtedness contracted by them. The township committee is authorized to compromise and settle with the contractors, and if a settlement can-

Rader v. Southeasterly Road District of Township of Union.

not be effected, to carry out and complete the contracts made by the commissioners, and to pay all just debts contracted by the commissioners for improvements under the original act with the same power and authority on the part of the township committee, and their successors, to make assessments for the payment of the expenses of carrying out and completing such contracts, and to collect the same, as were conferred by the original act. In addition thereto, the township committee is authorized to borrow money, and issue bonds of the township, to enable them to compromise or carry out the unexecuted contracts of the commissioners, and pay the indebtedness contracted by them. If this latter provision be found to be nugatory, for the reason that it imposes upon the township a debt not of its own contracting, nevertheless the conclusive answer to the plaintiff's argument is, that the repealing act saves the obligation of prior contracts, and retains the means by which the moneys were originally to be raised to discharge liabilities incurred by the commissioners.

. If the plaintiff should recover a judgment in this case, he could collect nothing by execution. His only available remedy would be by *mandamus* to compel the making and levying of assessments in the manner prescribed by the act. That remedy is preserved by the repealing act. The only change made is in substituting the township committee for the commissioners to perform the public duties. The plaintiff is not deprived of any remedy on his contract, which existed when it was made. It has only been varied in immaterial respects.

. Nor is this conclusion changed by the circumstance that this action was pending when the repealing act was passed, and is abated by such repeal. The plaintiff, it is true, loses his costs. But the right to recover costs is no part of the remedy which inheres in the contract. That right is purely incidental, and depends upon the state of the law when the suit is determined. Any other construction would be highly unreasonable. If the right to costs in prosecuting a suit on the contract is made by constitutional enactment inherent in

State, Marshall et al., Pros., v. Street Commissioner of Trenton.

the contract as part of the remedy, it would follow that modifications in matter of costs, either as to the right to recover them, or the amount that should be recoverable, would be impracticable.

If it is competent for the legislature, between the making of a contract and the institution of a suit, to pass acts reducing the costs that shall be recoverable, or denying costs altogether, a similar change in the law, pending the action, must be equally within legislative powers. The right to costs does not become vested until judgment is pronounced.

The plea demurred to is so informal that we had some hesitation in regarding it as necessarily presenting for decision the constitutional questions considered. But the counsel for the demurrant has, in his brief, treated the pleading as unexceptionable in every other respect. Treating it as a plea in abatement of the action, for the reason that the legal existence of the defendants ceased with the repeal of the act which gave them being as a corporation, judgment on the demurrer is given for the defendants.

CITED in *State, Bartlett, pros.,* v. *Trenton,* 9 *Vr.* 64; *Baldwin* v. *Newark,* 9 *Vr.* 158; *Scaine* v. *Belleville,* 10 *Vr.* 526; *Magie* v. *Township of Union,* 11 *Vr.* 453; *Wilson* v. *Herbert,* 12 *Vr.* 454; *Gabler* v. *Elizabeth,* 13 *Vr.* 79; *Baldwin* v. *Flagg,* 14 *Vr.* 495; *New Brunswick* v. *Williamson,* 15 *Vr.* 165; *Rader* v. *Township of Union,* 15 *Vr.* 259; *Middleton* v. *West Line R. R. Co.,* 10 *C. E. Gr.* 306; *Randolph* v. *Middleton,* 11 *C. E. Gr.* 543; *Newark Sav'gs Inst.* v. *Forman,* 6 *Stew. Eq.* 436.