MAYNARD, Ex'r, v. CENTRAL NAT. BANK OF OKMULGEE et al.

No. 28526. April 25, 1939.

Rehearing Denied June 20, 1939.

John L. Maynard, John Caruthers, Earl Pruet, and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Steele & Boatman, for defendants in error.

HURST, J. This is an action between John L. Maynard, executor of the last will and testament of Charles E. Douglas, deceased, and Irene Taylor, daughter of said deceased. The action was instituted by the executor against the Central National Bank of Okmulgee to recover a deposit in the bank and carried in the name of the "Yale Theatre Account," and against Irene Taylor for damages. The bank answered alleging that it is willing to pay the one rightfully entitled, and Irene Taylor filed an answer and cross-petition claiming that the deposit constituted a trust fund for her use and benefit. The controversy is really between the executor and Irene Taylor.

The deposit represented funds which were received from two sources, (1) income from the Yale Theatre in Okmulgee and (2) a deposit in the amount of $14,000 which constituted the proceeds received from the sale of a certain note and mortgage which we shall refer to as the McCracken-Mitchell mortgage.

Irene Taylor admits that her father, Charles E. Douglas, was entitled to the income from the Yale Theatre, and the only question here is, who owned the McCracken-Mitchell mortgage at the time it was sold?

The following facts are not disputed: On August 18, 1924, Charles E. Douglas, the then owner of the McCracken-Mitchell mortgage, executed a blanket assignment to Irene Taylor of the mortgage in question together with many other notes and mortgages. This assignment is discussed in Maynard, Executor, et al. v. Irene Taylor et al., 185 Okla. 268, 91 P.2d 649. On the same day Irene Taylor executed an assignment back to Charles E. Douglas. The amount of the mortgage indebtedness was at that time about $32,000. Thereafter, the debt having been reduced to $20,000, the mortgagor, McCracken-Mitchell Hardware Company, executed a renewal mortgage for said amount to Irene Taylor as mortgagee, dated January 14, 1933, and on May 20, 1933, she released the original mortgage. On December 11, 1934, this mortgage having been further reduced, Irene Taylor sold and assigned it to Mrs. Jennie W. Armour for $14,000 and received a check for said amount made payable to herself alone. She thereupon indorsed the check and gave it to her father with directions to him to pay the taxes on certain property which (it has been established in Maynard v. Taylor, supra, she owned. Mr. Doug-

las then deposited the check to his credit and about a month later, retaining the interest received by separate payment, took the $14,000 representing the principal and deposited it in the "Yale Theatre Account" and gave Irene Taylor the deposit ticket. Certain checks were drawn on this account of Charles E. Douglas in payment of taxes and at the time of the death of Mr. Douglas on June 25, 1936, the balance was $7,460.71, the amount sued for.

The case was tried to the court without a jury, and the court found that the money deposited in the bank constituted a trust fund for the use and benefit of Irene Taylor, the owner thereof, and judgment was rendered in her favor. The plaintiff, John L. Maynard, executor, brings this appeal.

1. It is first contended that the judgment is not supported by the evidence and is contrary to law.

Plaintiff's petition alleges a cause of action for the recovery of money and is an action at law. Section 350, O. S. 1931 (12 Okla. St. Ann. sec. 556). The bank takes the position of a mere stakeholder, and Irene Taylor by her cross-petition seeks affirmative equitable relief. Where, as here, in an action at law, the defendant files a cross-petition seeking affirmative equitable relief, such cross-petition is treated like any other action of equitable cognizance and issues arising thereon are triable by the court. 16 R. C. L. 213; Maas v. Dunmyer (1908) 21 Okla. 434, 96 P. 591; Mathews v. Sniggs (1919) 75 Okla. 108, 182 P. 703. See, also, International Supply Co. v. Bryan & Emery (1933) 164 Okla. 142, 23 P.2d 205. It appears that the trial court rendered judgment in favor of Irene Taylor on the issues raised by her cross-petition, and it is the evidence on these issues (that is, the establishment of a trust) that plaintiff contends is insufficient. Therefore, in considering this contention we are governed by the rule obtaining in actions of equitable cognizance and must examine the entire record and weigh the evidence, but should not reverse the judgment unless it is against the clear weight of the evidence. Schock v. Fish (1914) 45 Okla. 12, 144 P. 584.

We must therefore examine the record to see whether the view that Irene Taylor was the beneficial owner of the McCracken-Mitchell mortgage, even though Charles E. Douglas held legal title by reason of the blanket reassignment to him by Irene Taylor on August 18, 1924, is against the clear weight of the evidence. There is no oral testimony in the record touching upon this

reassignment. However, there is evidence that Charles E. Douglas, subsequent to the assignment and reassignment of the mortgage, told the representatives of the mortgagor that Irene Taylor owned the notes, but that he was to have the income for life. Irene Taylor testified to the same effect. The renewal of the mortgage in her name and the designation of her as payee in the check received upon its sale is corroborative of this fact. It is not altogether clear who actually received the payments on the principal of the McCracken-Mitchell mortgage when it was reduced from $32,000 down to $14,000. The best we can tell is that Irene Taylor testified that her father took care of all of her business and she supposed she received the money, but she did not know whether her father deposited these payments to her account, other than that he deposited to her credit what was supposed to belong to her.

We held in Maynard v. Taylor, supra, that:

"A resulting trust arises by operation of law where the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title."

The evidence above referred to supports the view that, although the title to the mortgage in question was vested in Charles E. Douglas by the reassignment back to him, yet he held it in trust for his daughter, Irene Taylor, and was himself entitled only to the interest therefrom.

Against this, plaintiff points to the fact that Mr. Douglas received certain interest payments on the mortgage in question. But, in this, there is nothing inconsistent with the trust arrangement. Plaintiff also contends that the evidence shows that Irene Taylor had the right to write checks upon the Yale Theatre account for a period of only 21 days during the year 1935. However, her testimony is that she had the right to draw checks upon this account at all times, and did in fact write checks which were honored at times other than the 21-day period referred to. Plaintiff further relies on the fact that Charles E. Douglas used the McCracken-Mitchell mortgage as collateral to secure his personal loans, thus indicating that he exercised dominion and control inconsistent with the trust agreement. However, it appears that Irene Taylor, by letter to the bank, gave her father authority to hypothecate the mortgage in question.

We therefore conclude that the judgment of the court on the issue of resulting trust is not against the clear weight of the evidence.

After the sale of the McCracken-Mitchell mortgage, Charles E. Douglas held the $14,000 deposited in the Yale Theatre account, and which represented principal, in trust for his daughter, with authority only to pay the taxes, and he commingled such trust funds with his own funds deposited in said account. The evidence is that the taxes at most amounted to around $5,000, leaving a balance of some $9,000 impressed with the trust. The record is not clear as to the amount Irene Taylor herself withdrew, but at most it would not bring the amount received by her or for her benefit down below the amount now on deposit.

"Where trustee commingles his beneficiary's money with his own, and then invades the common store, he will be presumed to have used his own money first; the law presuming that he does right rather than wrong." Kansas Flour Mills Co. v. New State Bank of Woodward (1926) 124 Okla. 185, 256 P. 43.

Therefore, where the balance on hand does not equal the trust fund, such balance will all be turned over to the beneficiary. 26 R. C. L. 1358, sec. 220.

2. Plaintiff contends that the court erred in excluding certain evidence.

The first complaint goes to the exclusion of four checks drawn by Charles E. Douglas, one upon a bank in Kansas City and not paid from the account in question, and the other three apparently upon the Yale Theatre account. These checks represent amounts paid for taxes. We think the check drawn on the Kansas City bank is irrelevant. One of the checks paid from the account in question was in payment of taxes on property not claimed by Irene Taylor, and there is no showing as to what property the other two checks for taxes involved. Plaintiff contends that these exhibits are material in showing that Charles E. Douglas exercised dominion and control over the account in question. But, under the arrangement, he was entitled to control over the account and was authorized to pay the taxes. Also, the account contained money of his own, and therefore the issuance of these checks does not tend to show ownership of the fund contrary to the trust arrangement and does not tend to prove or disprove any issue in the case.

Plaintiff next complains of the exclusion of two checks payable to Charles E. Douglas. One, it is contended, constitutes the payment of the "J. M. Siegel mortgage", and the other constitutes proceeds from the sale of part of the "Holleyman tract", referred to in Maynard v. Taylor, supra. It is argued that these are relevant for the purpose of showing that Mr. Douglas carried property of his own in the name of Irene Taylor. But there is nothing in the record to show what the "J. M. Siegel mortgage" is, or what connection it has with the issues involved herein. Neither is there anything to substantiate the claim that the other check constitutes the proceeds from the sale of part of the Holleyman tract.

It is not error to exclude evidence that has no bearing on, and does not tend to prove or disprove, any issue raised by the pleadings. Waters v. Dore (1915) 50 Okla. 183, 150 P. 885.

3. Plaintiff further contends that the court erred in excluding evidence of his demand upon the bank, after the death of Charles E. Douglas, for the fund herein involved, on the ground, as we understand it, that under chapter 40, art. 1, sec. 62, S. L. 1937, being part of the banking code, the bank had no right after such demand to withhold said money because of the claim of Irene Taylor, unless Irene Taylor deposited a bond. Relying on the same argument, plaintiff contends that the court erred in refusing to grant judgment in favor of plaintiff and against the bank. We do not think this statute has any bearing on this case which involves the ownership of the fund, but in any event, it did not become effective until after the suit was filed. If plaintiff's construction of the act is correct, it would destroy the defenses of Irene Taylor, in violation of section 52, art. 5, of the Constitution, which provides that:

"After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

Judgment affirmed.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH. V. C. J., and RILEY, J., absent.