## MAYNARD, Ex'r, et al. v. TAYLOR.

No. 28369. April 25, 1939.

Rehearing Denied June 20, 1939.

John L. Maynard, John Caruthers, and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiffs in error.

Steele & Boatman, for defendant in error.

HURST, J. This is a kindred case to the case of John L. Maynard, executor, and Josephine C. Douglas v. Frank Hustead, Sylvia Hustead Grove, Irene Taylor and Robert Taylor, No. 28205, this day decided, 185 Okla. 20, 90 P.2d 30. The controversy here is between Irene Taylor, daughter of Charles E. Douglas, as against her stepmother, Josephine C. Douglas, and the executor of her father's estate, John L. Maynard.

Two actions were consolidated for the purpose of trial and two petitions in error have been filed in this court, with one case-made, and docketed as one case. One action below was by Irene Taylor against John L. Maynard, executor, to recover the sum of $1,000 collected by the executor on a settlement effected by Charles E. Douglas and Irene Taylor with certain mortgagors in lieu of the taking of a deficiency judgment upon the foreclosure of a mortgage claimed to be owned by Irene Taylor. The other action was by John L. Maynard, executor, and Josephine C. Douglas against Irene Taylor to quiet title to several tracts of land. The trial court made findings of fact and conclusions of law and rendered judgment in favor of Irene Taylor. John L. Maynard, executor, and Josephine C. Douglas, hereinafter referred to as plaintiffs, bring this appeal.

The record is voluminous, but by the pleadings and briefs, the issues have been somewhat narrowed.

There is involved here three tracts of land referred to as the Holleyman tract, the Yale Theatre property, and the Patti property, and also two farms referred to as the Salt Creek farms.

1. We will first consider the issues regarding the first three tracts above named. It is admitted that on August 18, 1924, Charles E. Douglas was the owner of real estate mortgages covering these three tracts and on that date he executed and delivered to his daughter, Irene Taylor, in one blanket assignment, all of these mortgages. That assignment was recorded. On the same date, Irene Taylor executed a reassignment of these mortgages to her father, but that reassignment was not recorded until after his death. Subsequently, the mortgagors defaulted and the three tracts of land were at different times conveyed by sheriff's deeds at foreclosure sales to Irene Taylor. Thereafter, under date of February 4, 1935, there appears a deed executed by Irene Taylor to her father, Charles E. Douglas, covering the Holleyman tract, and also a deed dated March 10, 1932, from Irene Taylor to her father covering the Yale Theatre property. There are two deeds from Charles E. Douglas to his second wife, Josephine C. Douglas, one dated March 28, 1935, covering only the Yale Theatre property, and another dated June 13, 1936, covering all the property herein involved, and also it is stated in the briefs that Mr. Douglas left a will leaving a life estate of all of his property to his second wife with the remainder over to Irene Taylor. Plaintiffs do not seem to rely on the deed of June 13, 1936, but Josephine C. Douglas seeks to have title quieted in her as to the Yale Theatre property alone by virtue of the deed of March 28, 1935, and title to the balance of the property now involved quieted in her to the extent of a life estate by the provisions of the will. However, by whatever right Josephine C. Douglas claims title to a life estate, it is through Charles E. Douglas, and the decisive question goes to his ownership.

Plaintiffs claim that Charles E. Douglas was the owner of the Holleyman tract by reason of the deed of February 4, 1935, from Irene Taylor to him, and that he was the owner of the Yale Theatre property by reason of the deed of March 10, 1932, from Irene Taylor to him, and further that he was the owner of all three tracts under the theory of a resulting trust whereby Irene Taylor held the naked legal title at all times merely in trust for her father.

(a) We will first take up the deeds relied on to support the claim of title in Charles E. Douglas. The trial court found that the deed of February 4, 1935, covering the Holleyman tract was executed and delivered by Irene Taylor to her father under a mistake of fact amounting to a failure of consideration, and ordered the same cancelled. From the testimony of Irene Taylor, it appears that this deed was executed in connection with the division of her mother's estate between herself and her father under the belief that her mother had died intestate without in any way disposing of her property, whereas in fact her mother had executed a deed to her father giving him a life estate in all of her mother's property. This deed is the subject of Maynard, Executor, et al. v. Frank Hustead et al., 185 Okla. 20, 90 P.2d 30. She said she did not know of the deed executed by her mother and would not have executed the deed in question had she known. Her testimony is uncontradicted. The finding and judgment of the court in this regard is not against the clear weight

of the evidence and is not erroneous as a matter of law. 9 C. J. 1166, et seq.; 4 R. C. L. 506; O'Neal v. Harper (1937) 182 Okla. 52, 75 P.2d 879.

The trial court found that the deed of March 10, 1932, covering the Yale Theatre property and signed by Irene Taylor was never delivered and consequently was ineffectual as a conveyance of title. The evidence establishes that this deed was signed by Irene Taylor at the request of her father, but was retained by her and was not at that time acknowledged. Subsequently, during the year 1935, it was taken from her home without her knowledge and presented to a notary public by her father for acknowledgment, and thereafter delivered by Mr. Douglas to John L. Maynard, his attorney. The finding of the trial court in this regard is not against the clear weight of the evidence, and without valid delivery this deed conveys nothing. 8 R. C. L. 973.

(b) Therefore, plaintiffs' right to reversal, if any, must be upon the ground that the findings and judgment of the trial court on the issue of resulting trust are against the clear weight of the evidence. There is no dispute as to the law. All agree that a resulting trust may arise where the legal estate in property is conveyed, but the intent appears or is inferred, either from the terms of the disposition or from the accompanying facts and circumstances, that the beneficial interest is not to go or to be enjoyed with the legal title. In such case a trust is implied or results in favor of the person for whom the equitable interests is intended, and whom equity deems to be the real owner. Plaintiffs cite Flesner v. Cooper (1913) 39 Okla. 133, 134 P. 379; Id. (1917) 62 Okla. 263, 162 P. 1112; Boyd v. Winte (1917) 65 Okla. 141, 164 P. 781, which establish this rule. However, each case must be determined on its own facts, and we must bear in mind that the onus of establishing a resulting trust rests upon him who seeks its enforcement, and the proof must be clear and convincing. Babcock v. Collison (1918) 73 Okla. 232, 175 P. 762.

It is the contention of plaintiffs that after the assignment of the mortgages and after the foreclosure sales Charles E. Douglas exercised control over the properties, collected the income therefrom, used the money for his own benefit, and paid the taxes thereon. There is introduced in evidence various exhibits relied on to support this assertion. However, the force of this argument is lost in view of defendant's testimony regarding the arrangement between herself and her father. Defendant's position is that, although she was the owner of the property, it was orally understood that her father was to have the income from the properties during his lifetime. We think this view is fully established by the evidence. It appears that Charles E. Douglas told several people that both the Yale Theatre and the Patti property were owned by Irene Taylor, but he was to receive the income. She, through her husband, exercised considerable control over the properties, after the assignment to her, both before foreclosure and after. We do not think it necessary to go into the evidence in detail, but we call attention to the fact that she executed a lease on the Yale Theatre property, and her husband as her agent took care of the repairs. At the foreclosure proceedings on the Patti property John L. Maynard acted as her attorney, and she and her father both appeared as witnesses and Mr. Douglas there testified that the property belonged to defendant. We think that the most that can be said in favor of a resulting trust is that it was a trust limited to the life of her father and covering at most the income from the properties. Upon his death, no rights could be asserted by reason of this arrangement.

Plaintiffs refer to other facts, however, in support of their contention that defendant took only the bare legal title. They claim that, although the mortgages were assigned, the notes were not. However, the record shows that the blanket assignment included the notes as well as the mortgages. They claim that the fact that Irene Taylor executed a reassignment the same day she took the assignment of the mortgages shows that she took only the naked legal title at the foreclosure sales. However, her explanation of the reassignment was that her father wanted it in case anything happened to her, so that the property would not go to her husband. This shows that the reassignment was not intended to be effective as a conveyance of the beneficial ownership of the notes and mortgage prior to foreclosure, although by the reassignment he held legal title. The explanation destroys the force of the reassignment as evidence of the intent that after foreclosure Irene Taylor held only the bare legal title. This testimony was uncontradicted, but is objected to as being inadmissible as relating to a transaction with a deceased person. However, no objection was made to the competency of the witness at the trial, and plaintiffs cannot now complain.

Muskogee Electric Traction Co. v. McIntire (1913) 37 Okla. 684, 133 P. 213.

Plaintiffs make another argument in their reply brief to the effect that because the reassignment vested title to the notes and mortgages in Charles E. Douglas up to the foreclosure sales, and since the property was there sold in satisfaction of the mortgage indebtedness, Charles E. Douglas furnished the consideration at the sale and that fact establishes a resulting trust. But under the evidence herein discussed and the law above cited, we think the record would support a finding that Charles E. Douglas held legal title from the date of the assignment and reassignment of the notes and mortgages to the date of the foreclosure sales in trust for Irene Taylor, who was during that time the beneficial and equitable owner. Such being the case, it cannot be said that Mr. Douglas furnished the consideration at the foreclosure sales.

Plaintiffs further contend, in connection with their theory of a resulting trust, that evidence as to Charles E. Douglas' conduct regarding mortgages included in the blanket assignment but covering other property not involved herein, shows that he was the real owner. Defendant argues that this testimony was inadmissible. Assuming that the evidence is properly admitted, it does not support plaintiffs' theory. It deals principally with the receipt by Charles E. Douglas of the interest payments on these other mortgages. But that is in keeping with the arrangement between the parties. He was entitled to the interest. However, they say that Charles E. Douglas used one note and mortgage, called the McCracken-Mitchell mortgage, as collateral to secure his personal loans, and that shows he was the beneficial owner of them all. But the record discloses that Irene Taylor gave a letter to the bank giving her father authority to hypothecate this note and mortgage. Plaintiffs argue further that with respect to two other notes and mortgages included in the blanket assignments, Charles E. Douglas received checks given by the mortgagors in payment of the balance due on the principal. It is not clear from the record what became of the proceeds from these payments, and assuming that it must be inferred that he did receive these payments, that fact must be weighed along with all the other evidence in the case.

From our examination of the entire record we conclude that plaintiffs' proof falls short of that necessary to establish a resulting trust as to the three tracts now under discussion. It follows that the defendant is entitled to the $1,000 collected by Maynard after the death of Mr. Douglas, which constituted the final payment by the mortgagors on a settlement of the deficiency judgment involving the Patti property.

2. Plaintiffs' claim to the Salt Creek farms is based upon a quitclaim deed from Irene Taylor and her husband to Charles E. Douglas, dated July 23, 1924. This property is not involved in the assignment of the mortgages above referred to. The deed appears to have been duly acknowledged on the day of its execution, but it was not recorded. A copy was introduced in evidence, over the objection of defendant, and John L. Maynard testified that the original was taken from his office by Charles E. Douglas and that after an exhaustive search he could not find the original. He stated that "it certainly is lost or misplaced." Defendant points to exhibits which show conveyances of these farms back and forth between Mr. Douglas and Irene Taylor prior to the conveyance in question and on July 22, 1924, the day before the date of the deed in question, tnere appears to have been a conveyance from Mr. Douglas to his daughter. After the date of the deed now relied on, it appears that Irene Taylor and her husband executed two right-of-way agreements across one of the farms to the city of Okmulgee, and they executed another right-of-way agreement to the Sinclair Prairie Oil Company. It further appears that the Salt Creek farms were included in the deed dated February 4, 1935, hereinbefore discussed, from Irene Taylor to her father. The deed in question was not specifically mentioned in the findings of fact and conclusions of law, but the court found in connection with the Salt Creek farms "that the title thereto was vested in the defendant herein, Irene Taylor, on July 22, 1924, by warranty deed executed by Charles E. Douglas, the then owner, as grantor, in favor of Irene Taylor, as grantee. That the title so vested and remained in the defendant, Irene Taylor, until the 4th day of February, 1935" (when the deed which was cancelled for mistake of fact was executed). This must be presumed to be tantamount to a finding that the deed now under consideration was never delivered, because only upon that theory could title remain in Irene Taylor after its execution. In 16 Am. Jur. 513, it is said:

"The facts that the grantor continues to exercise acts of ownership and authority over the premises, such as the collection of

rents and profits, and that he also sells a portion thereof and proposes to sell the remainder are inconsistent with the theory of an intentional delivery, operative and effectual to pass title."

In view of the acts of ownership displayed by Irene Taylor, referred to above, and due to the absence of any other evidence whatever pertaining to the delivery of this deed, other than the physical fact of possession by the grantee, we cannot say that the finding and judgment of the trial court is against the clear weight of the evidence in this respect.

3. Plaintiffs further contend that the trial court erred in refusing to make findings of fact and conclusions of law as requested by them. At the beginning of the trial plaintiffs requested findings of fact and conclusions of law, and the court asked each party to submit suggested findings. Plaintiffs submitted suggestions in the form of questions and now complain that the court made no finding on certain questions. It appears, however, that these questions refer to matters that are either immaterial or have been admitted or are substantially covered by the findings made by the court. Such findings are only required on matters where there is a conflict in the testimony upon a material issue (Grant v. Mathis, 1923, 96 Okla. 65, 220 P. 331), and where the court states what the material facts are, separate from his conclusions of law, the statute is substantially complied with. Etchen v. The Texas Co. (1921) 82 Okla. 62, 199 P. 212. Under the authority cited, the contention is without merit.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN. and GIBSON, JJ., concur.