**L. E. JEFFCOAT, Appellee,**

v.

**HIGHWAY CONTRACTORS, INC., and United States Fidelity and Guaranty Company, Appellants.**

**No. 44649.**

Court of Appeals of Oklahoma, Division 1.

Aug. 1, 1972.

Richard James, Stroud, for appellee.

Sidney R. Clarke, III, Shawnee, Dan A. Erwin, Chandler, for appellants.

BOX, Judge:

This is an appeal by defendants from a jury verdict for plaintiff and a court awarded attorney's fee.

A statement of facts, as set out by defendants, is as follows.

On November 26, 1968, Highway Contractors, Inc., defendant, entered into an agreement with L. E. Jeffcoat whereby plaintiff agreed to cut and fell timber on the Salt Camp Creek Watershed at Stroud, Oklahoma. The contract involved the clearing of 406.5 acres at $30.00 per acre.

On March 11, 1969, defendant entered into another agreement with plaintiff whereby he agreed to cut and fell timber on the Quapaw Creek Watershed at Meeker, Oklahoma. The contract involved the clearing of 57.5 acres at $35.00 per acre.

United States Fidelity and Guaranty Company executed a payment bond in connection with each of these contracts. Under the terms of said bond, the United States Fidelity and Guaranty Company guaranteed payment of sums under said contract and agreed that it would be liable jointly and severally along with defendant Highway Contractors, Inc., for the sums owing.

Plaintiff filed a Petition in the District Court of Lincoln County, Oklahoma, against defendants alleging breach of said contract and payment bond and asking for recovery of the full contract price, less sums paid for its benefit by defendant, for a total of $3,630.36.

Defendants filed an Answer and Counterclaim denying the allegations contained in such petition. Defendants alleged that they paid sums for the benefit of plaintiff under each contract, and that the plaintiff failed to perform under each contract and other persons had to be employed to complete the contracts. As a result, defendants alleged the plaintiff was overpaid and counterclaimed for $430.37.

Plaintiff filed a Reply and Answer denying the allegations in the Answer and Counterclaim. The plaintiff modified his

prayer for judgment and asked for the sum of $2,067.65.

Trial was set for October 13, 1970, in the District Court of Lincoln County, Oklahoma, and was concluded on October 14, 1970. The jury returned a verdict for plaintiff in the amount of $1,818.50 on the first cause of action and $216.85 on the second cause of action. The court entered judgment against defendants for these amounts plus $675.00 in attorneys' fees.

Defendant appeals and contends:

## I

 "The verdict is not sustained by sufficient evidence."

No citation of authority is contained or presented to the court regarding this proposition by defendants or plaintiff. The Supreme Court stated in Casualty Reciprocal Exc. v. Waggoner Drilling Co., 340 P. 2d 490 (Okl.1959), in the syllabus:

"4. Assignments of error, presented by counsel in their brief, if unsupported by authority, will not be considered by the Supreme Court on appeal, unless it is apparent without further research that they are well taken."

Nevertheless, from a review of the evidence by this court, we find same sufficient to sustain the jury verdict on behalf of plaintiff in the total amount of $2,035.-35.

Defendant next contends:

## II

"The court erred in awarding the plaintiff attorney fees upon motion as costs."

The record reflects that after the jury verdict, plaintiff filed a motion for fixing of attorney's fees. The judgment of the court reflected the following:

"The Court finds that a stipulation has been entered into between the parties hereto stipulating and agreeing that if the Court finds that an attorney fee should be fixed that the same could be fixed by the Court without the offering of evidence by either of the parties as to what a reasonable attorney fee would be, such stipulation being made without prejudice, with the contention being made by the Defendants that no attorney fee should be allowed Plaintiff's attorney.

"The Court having heard argument of counsel and being fully advised in the premises, finds that Plaintiff's motion for the Court to fix an attorney fee should be sustained and the Court further finds from the stipulation of the parties hereto that this Court should proceed to fix the attorney fee without hearing evidence as to the amount or reasonableness of the same, and the Court finds an attorney fee should be allowed Plaintiff's attorney in the sum of $675.00."

The record further reflects that at the time of entering into the contract to fell and cut all timber on November 26, 1968, and March 11, 1969, the statute providing for attorney fees, 12 O.S.Supp.1967, § 936, reads as follows:

"In any civil action to recover on open accounts, statements of accounts, accounts stated, bills, and written contracts relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

Whereas, when the case was tried, the Legislature had amended said section, 12 O.S.Supp.1970, § 936, to read as follows:

"In any civil action to recover on an open account, a statement of account, account stated, *note, bill, negotiable instrument*, or contract relating to the purchase or sale of goods, wares, or merchandise, *or for labor or services*, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." (emphasis supplied)

The question is, whether the amended statute can be applied in this case since it appears that the contract was made, and probably the cause of action had arisen, before the effective date of the statute, but the action was commenced afterward.

Generally, statutes affecting substantive rights are not to be given retroactive effect unless the wording shows that to have been the legislative intent. Phillips v. H. A. Marr Grocery Co., 295 P.2d 765 (Okl.1956). However, statutes which relate only to remedies or to modes of procedure are held to operate retroactively unless the contrary intention is clearly expressed or implied from the language used. Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708 (1918). Other jurisdictions commonly have treated statutes awarding attorney's fees, to be taxed as costs, as relating only to the remedy or mode of procedure. 20 A.Jur.2d Costs § 7 (1965).

In the case of Igoe Brothers v. National Surety Company, 112 N.J.L. 243, 169 A. 841 (1934) the Court of Errors and Appeals held:

"5. Right to costs is statutory, and depends upon statute in force at termination of action, and not upon statute in force at commencement of action."

At page 844 the Court states as follows:

"Chapter 142 of the laws of 1932 (P.L. p. 254), became effective on May 2, 1932 (Comp.St.Supp. §§ 107–149C(1) to 107–149C(4). This act amended the act of 1918 aforesaid. Among its several provisions section 3 is amended (Comp.St. Supp. § 107–149C(3), in part, to read as follows: '3. * * * And upon the trial of any such action the court shall award to the prevailing party a reasonable attorney's fee to be taxed as costs, and to be included in the judgment therein rendered.' The contract between the parties was executed on September 23, 1930. The surety executed the bond on the same day. The judgment, including this fee, was signed and entered March 9, 1933.

"Appellant resists liability for this fee by reasserting, in substance, the grounds urged by it in support of its claim of lack of liability on its part in the premises. Its contention, summarized, appears to be that the allowance of this fee, as part of the taxable costs, is an added obligation on its part; that it did not exist at the time it became surety; and that this particular provision of the statute is not merely procedural, but that it is rather a matter of substance and thus impairs its contractual obligation in the premises.

"That the allowance of such a fee, as part of the taxable costs, is in the nature of an added penalty, cannot be seriously questioned. A like characterization may be made of all taxable costs visited as a general rule on a defeated party. Notwithstanding these observations, it would appear, on the surface, that appellant's grounds for resisting the inclusion of this fee as part of the taxable costs is not altogether without some weight. Authorities are not in accord. By the greater weight of these authorities, some of which we shall presently note, we are of the opinion that appellant's contentions are without substance."

citing 12 C.J. p. 1084, § 177(M) and 15 C. J. p. 23, § 7.

In the case of Rader v. Southeasterly Road District of Township of Union, 36 N.J.L. 273, the Supreme Court of New Jersey stated,

"If it is competent for the Legislature, between the making of a contract and the institution of a suit, to pass acts reducing the costs that shall be recoverable, or denying costs altogether, a similar change in the law pending the action, must be equally within legislative powers. The rights to costs does not become vested until judgment is pronounced."

In the case of Mutual Benefit Health & Accident Ass'n v. Moyer, 94 F.2d 906, the

Circuit Court of Appeals, Ninth Circuit, held:

"5. The right to costs did not exist at common law, but is purely statutory.

"6. A party is not entitled to costs until judgment has been entered, and measure thereof depends upon provisions of statute at that time."

The Court at page 908 stated:

"The appellant assigns error to the action of the court in awarding attorney's fees to plaintiff in the sum of $350. This award was based upon section 4065, Compiled Laws of Alaska, which formerly read, in part:

'A party entitled to costs shall also be allowed * * * a reasonable attorney's fee to be fixed by the court.'

"On March 11, 1937, two days before judgment was entered in this case, this section was amended, Laws 1937, p. 128, and the provision as to attorney's fees omitted. Hence at the date of judgment there was no statutory authority for the inclusion of such fees in costs allowed to a prevailing party.

"The assignment is well taken. The right to costs is purely statutory. No such right existed at common law. Day v. Woodworth, [54 U.S. 363] 13 How. 363, 372, 14 L.Ed. 181. No party is entitled to costs until he prevails in the suit, in other words, until judgment is entered. Whatever the statute provides at that time is the measure of his allowable costs. As was said in Begbie v. Begbie, 128 Cal. 154, 155, 60 P. 667, 49 L.R.A. 141:

'The right to recover costs exists solely by virtue of statutory provision * * * and their recovery is governed by the statute in force at the time the right to have them taxed accrued.'

"To the same effect is Lyell v. Miller, C.C.D.Mich., 15 Fed.Cas. [p.] 1137, No. 8,620. We are aware of no other federal court precedent on the precise question raised in this instance. Appellee concedes the decided weight of state authority to be as stated in the Begbie and Lyell cases. The holding in those cases logically follows from the Supreme Court decision in Day v. Woodworth, supra, and we agree that it is correct."

After a thorough review of the cases from other jurisdictions, we are convinced that the taxing of costs in the instant case relates only to the remedy or mode of procedure, and does not involve substantive rights, thus the Court was correct in awarding plaintiff attorney fees.

Affirmed.

BAILEY, J., concurs.