JOINT TENANCY HOMESTEADS — SURVIVORSHIP Title 58 O.S. 912 [58-912] (1974), is a procedural statute and does not affect the vested rights that do exist in a joint tenancy homestead, and therefore, would apply to those persons who died prior to the effective date of the act. The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: Whether or not Title 58 O.S. 912 [58-912] (1974), applies to joint tenancy homesteads where one of the joint tenants has died prior to the effective date of the act? Title 58 O.S. 912 [58-912] (1974), dealing with the termination of joint tenancy other than by judicial determination reads as follows: "As to any single tract of real property, any portion of which was held as homestead by husband and wife as joint tenants with right of survivorship, the surviving joint tenant may file in the office of the county clerk of the county clerk of the county in which said real property is located, the following: "1. A certified copy of the certificate of death of the joint tenant issued by the State Department of Public Health of Oklahoma or comparable agency of the place of the death of said joint tenant; "2. An affidavit by the surviving joint tenant stating that the decedent named in such certificate is one and the same person as the joint tenant named in a previously recorded document, identifying the recorded document by book and page where recorded, the date of death of the deceased joint tenant, and certification by the county treasurer of the county wherein the real property is located that all or a portion of the tract described was claimed as homestead by the affiant and the decedent in the year of decedent's death, and describing such real property and a complete list of all real property owned by the decedent; and "3. A waiver or release of estate tax by the Oklahoma Tax Commission as to such deceased person. "The filing of the aforesaid shall constitute conclusive evidence of the death of such joint tenant and the termination of said joint tenancy and the title of the surviving joint tenant shall be deemed merchantable for all purposes, unless otherwise defective. " As a general rule in Oklahoma, statutes are given prospective application unless the statute plainly indicates an intent that the statute shall operate retrospectively. Also, this general rule will not be followed if the legislative intent that the statute is to operate retrospectively is clearly expressed. Title 58 O.S. 912 [58-912] (1974), does not come under either of the exceptions to the general rule. However, there is another exception to this general rule. This exception is expressed in Phillips v. H. A. Mar Grocery Company,295 P.2d 765 (Okla. 1956), wherein the syllabus reads: "While the general rule that statutes are construed as prospective only applies to remedial statutes, remedial or procedural statutes, which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings unless such operation or application would adversely affect substantive rights." Also see L. E. Jeffcoat v. Highway Contractors, Inc.,508 P.2d 1083 (Okla. 1972). The question of whether or not Title 58 O.S. 912 [58-912] (1974), is procedural must be answered. A procedural law is defined in Schultz v. Gosselink,148 N.W.2d 434 (Iowa 1967), as: "That which prescribes the method of enforcing rights." This newly enacted statute prescribes a method of enforcing the right of survivorship which is a basic right of joint tenancy. This right of survivorship is a vested right which exists from the time the joint tenancy homestead is created. Title 58 O.S. 912 [58-912] (1974), in requiring the filing of a certified copy of the Certificate of Death and an affidavit by the surviving joint tenant stating that the decedent named in the death certificate is one and the same person as the joint tenant named in the previously recorded document of Certificate of Death, are merely modes of procedure for terminating the joint tenancy homestead. This is manifested in the fact that the filing of these documents are conclusive evidence of the death of such joint tenant and conclusive as to the termination of such joint tenancy. Since the mere filing of these papers will be conclusive evidence as to the death of the joint tenant and the termination of the joint tenancy, the application of this statute will not adversely affect the substantive rights of the parties and is, therefore, a procedural statute. The parties in a joint tenancy have vested rights when the joint tenancy is created. Vested right is defined in Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District, 464 P.2d 748 (Okla. 1968), as: "The power to do certain actions or possess certain things lawfully, and is substantially a property right, it may be created either by common law, by statute, or by contract, and once created it becomes absolute, being protected from legislative invasion by the Constitution, Oklahoma Statutes, 1961, constitutional Article V, 52, Article V, Section 54 ." Once the joint tenancy is created, this right of joint ownership is vested and this vested right exists also with the right of survivorship upon the death of either spouse. Procedural statute which does not create, enlarge, diminish, or destroy a vested right will operate retrospectively. As already established, Title 58 O.S. 912 [58-912] (1974), is a procedural statute and this method of terminating a joint tenancy homestead will not create, enlarge, diminish or destroy the vested right of the parties in a joint tenancy homestead. The filing of a Certificate of Death and affidavit as required by the statute are merely procedures for enforcing the rights of a survivor of a joint tenancy homestead to title in the entire estate. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that Title 58 O.S. 912 [58-912] (1974), is a procedural statute and does not affect the vested rights that do exist in a joint tenancy homestead, and therefore, would apply to those persons who died prior to the effective date of the act. (Donald B. Nevard)