Albert E. COX and Deborah Cox, Appellees,

v.

AMERICAN FIDELITY ASSURANCE COMPANY, an Oklahoma Insurance Company, Appellant.

No. 49643.

Court of Appeals of Oklahoma, Division No. 2.

Sept. 20, 1977.

Rehearing Denied Oct. 12, 1977.

Certiorari Denied June 26, 1978.

Released for Publication by Order of Court of Appeals June 30, 1978.

Clee Fitzgerald, Fitzgerald, Houston & Worthington, Stillwater, for appellees.

John N. Hermes, McAfee, Taft, Mark, Bond, Rucks & Woodruff, Oklahoma City, for appellant.

NEPTUNE, Judge.

This appeal challenges correctness of the trial court's allowance of attorneys' fees as

costs in an action brought by policyholders to recover benefits under a hospitalization insurance policy.

When defendant-insurance company denied benefits, plaintiffs-appellees employed an attorney, who filed an action for recovery of $953.30 in benefits and for costs of the action including attorneys' fees.

The insurance company eventually confessed the claim for benefits in an amount agreed upon by the parties. However, the matter of attorneys' fees was not disposed of. The record shows that plaintiffs' attorney testified that once plaintiffs' benefits were paid, "we would then file a motion to settle the attorneys' fees." Such a motion by plaintiffs was filed January 12, 1976. The court ruled on the motion allowing plaintiffs "a reasonable attorney fee" but reserved the amount for determination at a later hearing. Upon hearing, the trial court found that 36 O.S.1975 Supp. § 1219 was applicable, that a fee of $2,200 was reasonable, and that the fee was to be taxed as costs in the case. Judgment was entered accordingly. The insurance company appeals.

## I

Appellant first contends:

"As a matter of law, an award of attorneys' fees is inappropriate and impermissible where there are no contractual provisions for attorneys' fees and where at the time this action arose, there were no statutory provisions for such fees."

Appellant correctly asserts that 12 O.S. 1971 § 936 is inapplicable to an action such as the instant one involving a contract of insurance. *Globe & Republic Ins. Co. of America v. Independent Trucking Co.*, Okl., 387 P.2d 644 (1963).

Appellant also suggests that 36 O.S.1975 Supp. § 1219 is inapplicable because "the policy was entered into, the hospitalization occurred, and the claim was made and denied, all prior to the effective date of section 1219"—the effective date being October 1, 1975. We do not agree with appellant's contention.

Title 36 O.S.1975 Supp. § 1219 provides: "Delay in payment of claims—Explanation—Attorney's fees.—In the administration, servicing or processing of any individual, group or blanket accident and health insurance policy, it shall be an unfair trade practice for any insurer to fail to notify a policyholder in writing of the cause for delay in payment of any claim where said claim is not paid within thirty (30) days after receipt of proof of loss; the notification shall be by certified mail return receipt requested. Failure to provide the insured or the assignee of record with such notification shall be prima facie evidence that the claim will be paid in accordance with the terms of the policy. Provided that in the event litigation should ensue based upon such a claim, the prevailing party shall be entitled to recover a reasonable attorney's fee to be set by the court and taxed as costs against the party or parties which do not prevail."

In the case at bar, litigation ensued and appellees were the prevailing party, entitling them to a reasonable attorney's fee to be set by the court and taxed as costs against the party not prevailing.

Costs have been determined to be statutory allowances by a party to an action for his expenses incurred in the action. *McAlester Urban Renewal Auth. v. Hamilton*, Okl., 521 P.2d 823 (1974). The recovery of an attorney's fee taxed as costs must be premised upon either an agreement or a statute authorizing a fee. Recovery for such did not exist at common law. *Wilson v. Hecht*, Okl., 370 P.2d 28 (1962).

In our opinion, 36 O.S.1975 Supp. § 1219 is applicable to the case at bar. Though the contract was made and the cause of action arose prior to the effective date of the statutory section, the judgment was not rendered until April 2, 1976—approximately six months after October 1,

1975, the effective date of the statute. Because costs cannot be taxed until judgment is rendered, attorneys' fees in the instant case could not have been taxed until April 2, 1976, thus making § 1219 govern the determination of costs. *United States v. Home Fed. Sav. & Loan Ass'n*, Okl., 418 P.2d 319 (1966); 20 Am.Jur.2d *Costs* § 7 (1965).

 The general rule that statutes will be given prospective operation only [*Benson v. Blair*, Okl., 515 P.2d 1363 (1973)] does not apply to statutes affecting procedure. *Oklahoma Water Resources Bd. v. Central Oklahoma Master Conservancy Dist.*, Okl., 464 P.2d 748 (1969). Taxing of attorneys' fees as costs relates to a mode of procedure. *Jeffcoat v. Highway Contractors, Inc.*, Okl. App., 508 P.2d 1083 (1972).

The trial court correctly allowed attorneys' fees to be taxed as costs.

## II

Appellant's second proposition is:

"Even if section 1219 can be applied retroactively, a $2,200 award of attorneys' fees is unreasonable in this case and not supported by the evidence."

■ Where the allowance of costs is left to the trial court, such an allowance will not be reversed absent a clear abuse of discretion. *Rosenfield v. Kay Jewelry Stores, Inc.*, 400 F.2d 89 (10th Cir. 1968); *Bellamy v. Washita Valley Tel. Co.*, 25 Okl. 18, 105 P. 340 (1909).

■ The record contains substantial evidence on which the trial court could base its award. We agree that the amount of the claim is one of the elements to be considered but it is not controlling when determining attorneys' fees. The court may also properly consider the ultimate recovery, the intricacies of the facts and the law of the case, and every other circumstance bearing upon a fair determination. *Driver v. Tolstornog*, Okl., 358 P.2d 1108 (1960). Appel-

lant's second proposition and the argument thereunder affords us no basis for interfering with the trial court's judgment.

Affirmed.

BRIGHTMIRE, P. J., and BACON, J., concur.