PHOENIX FEDERAL SAVINGS AND LOAN, Plaintiff,

v.

GREAT SOUTHWEST FIRE INSURANCE COMPANY, Appellee,

and

Union Mutual Insurance Company, Appellant.

No. 52129.

Court of Appeals of Oklahoma, Division 2.

Sept. 4, 1979.

Rehearing Denied Sept. 21, 1979.

Approved for Publication by Supreme Court Nov. 8, 1979.

Ray H. Wilburn and Scott T. Knowles, Tulsa, for appellee.

C. H. Spearman, Jr., and Robert M. Beck, Edmond, for appellant.

NEPTUNE, Judge.

David and Billie Carr owned a home with the mortgage held by plaintiff, Phoenix Federal Savings and Loan (Phoenix Federal). Their homeowner's insurance policy was issued by defendant, Union Mutual Insurance Company (Union Mutual) and contained a loss payable clause in favor of the mortgagee. The Carrs defaulted and Phoenix Federal initiated a foreclosure action. A foreclosure sale was eventually held on May 17, 1976, and Phoenix Federal was the high bidder. A motion to confirm the sale was filed the same day.

Phoenix Federal, in its capacity as buyer, purchased a second insurance policy from Great Southwest Fire Insurance Company (Great Southwest). On May 27, 1976, fire ravaged the house while the Carrs were still living there. On July 30, 1976, the order confirming the sale was filed.

Phoenix Federal brought suit against both insurance companies. The trial court in the amended journal entry granted judgment against the insurance companies for both the fire loss and attorney fees. The court also granted pro rata a judgment against the noncontributing insurance company if one of them should pay the full amount. Great Southwest paid the entire judgment and Union Mutual, the mortgagor's carrier, appeals.

I

Appellant contends that all contractual obligations to Phoenix Federal terminated when Phoenix Federal's interest as mortgagee merged with its ownership interest acquired as buyer of the property at the foreclosure sale. Closely connected with this argument is the proposition that under

the "relation-back doctrine" the rights of the parties involved in a foreclosure sale are fixed as of the date of sale and relate back to that date.

In a companion case, *Carr v. Union Mutual Insurance Co.,* Ct.App., 50 O.B.A.J. 579 (1979), which was released for publication by order of the Supreme Court at 50 O.B.A.J. 1304 (1979), the Carrs sought to collect for their unscheduled personal property destroyed in the same fire that damaged the dwelling. The court found that the Carrs had an insurable interest during the period after the foreclosure sale and before its confirmation. The court stated:

"In the present case the redemption period, or at least the possibility of redemption, had not expired because the foreclosure sale had not been confirmed at the time of the fire. Therefore the Carrs still had an insurable interest in both the dwelling and their unscheduled personal property. Since the policy remained in effect at the time of the loss and the Carrs had an insurable interest which was insured, they were entitled to recover as a matter of law."

The above holding is dispositive of appellant's arguments. Because the Carrs had an insured interest remaining at the time of the fire, the mortgagee also retained its interest.

As for the "relation-back doctrine" which appellant advances based upon *Christy v. Springs,* 11 Okl. 710, 69 P. 864 (1902), it is correct that for some purposes the confirmation of sale may relate back to the foreclosure sale. But in the instant case and circumstances, the argument is not applicable. The fact that a sale is confirmed will not retroactively eliminate the insurable interest which existed during the period of time between the sale and confirmation of the sale.

## II

Appellant next contends that the trial court erroneously granted attorney fees in the case at bar. The court based this award on 36 O.S.1977 Supp. § 3629, but appellant argues that this law was not effective until October 1, 1977, which was 16 months after the fire and 10 months after the case was filed. However, judgment was not rendered until March 10, 1978.

■ In *Cox v. American Fidelity Assurance Co.,* Okl.App., 581 P.2d 1325 (1977), we said:

"The general rule that the statutes will be given prospective operation only [*Benson v. Blair,* Okl., 515 P.2d 1363 (1973)] does not apply to statutes affecting procedure. *Oklahoma Water Resources Bd. v. Central Oklahoma Master Conservancy Dist.,* Okl., 464 P.2d 748 (1969). Taxing of attorneys' fees as costs relates to a mode of procedure. *Jeffcoat v. Highway Contractors, Inc.,* Okl.App., 508 P.2d 1083 (1972)."

The court further determined that because costs can not be assessed until a judgment is rendered, attorney fees could be granted if the statute became effective before the date judgment is rendered. In the instant case, the statute was in effect at the time of judgment and is therefore applicable.

■ Appellant also argues that the statute requires a definite procedure before costs and attorney fees can be awarded. Our reading of the statute requires an answer to one question: Was the insured the prevailing party? The relevant portion of the statute, 36 O.S.1977 Supp. § 3629(B), states:

"Upon a judgment rendered to either party [insurer or insured], costs and attorney fees shall be allowable to the prevailing party."

The statute defines the insurer as the prevailing party "in those cases where judgment does not exceed written offer of settlement," and the insured as the prevailing party "in all other judgments." Throughout this case, the insurer contended that no policy existed at the date of loss because the policy had been terminated on May 15, 1976; and the insurer made no offer of settlement. Clearly, the insurer is not the prevailing party.

The trial court correctly found as a matter of law that an insurable interest existed

which was covered by insurance and that the insured was the prevailing party in the litigation.

Affirmed.

BACON, P. J., and BRIGHTMIRE, J., concur.