W. L. QUALLS, Jr. and Carolyn Qualls, husband and wife, Appellants,

v.

FARMERS INSURANCE COMPANY, INC., Appellee.

No. 52433.

Supreme Court of Oklahoma.

June 9, 1981.

J. Clark Russell, Russell, Payne & Farber, Oklahoma City, for appellants.

Clarence P. Green, Green & James, Oklahoma City, for appellee.

LAVENDER, Justice:

This is an appeal from an order overruling a motion to assess attorney fees to the prevailing party pursuant to 36 O.S.Supp. 1977, § 3629 B.[1]

The pertinent facts are as follows:

On September 20, 1975, appellee issued a fire insurance policy to appellants.

On April 25, 1976, a fire loss occurred.

On February 24, 1977, appellants brought suit to recover under the policy.

On October 1, 1977, 36 O.S.Supp.1977, § 3629 B became effective.

---

1. 36 O.S.Supp.1977, § 3629 B provides: "It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. This provision shall not apply to uninsured motorist coverage."

On March 29, 1978, a judgment on a jury verdict was entered in favor of appellants.

The sole issue presented on appeal is whether that portion of 36 O.S.Supp.1977, § 3629 B relating to awarding attorney fees to the prevailing party is to be construed as operating retrospectively.

We deem the case of *Phoenix Federal Savings and Loan v. Great Southwest Fire Insurance Company*, Okl.App., 603 P.2d 356 (1979) to be determinative of the issue in this case, wherein the court quoted with approval from *Cox v. American Fidelity Assurance Co.*, Okl.App., 581 P.2d 1325 (1977) as follows:

"The general rule that the statutes will be given prospective operation only [*Benson v. Blair*, Okl., 515 P.2d 1363 (1973)] does not apply to statutes affecting procedure. *Oklahoma Water Resources Bd. v. Central Oklahoma Master Conservancy Dist.*, Okl., 464 P.2d 748 (1969). Taxing of attorneys' fees as costs relates to a mode of procedure. *Jeffcoat v. Highway Contractors, Inc.*, Okl.App., 508 P.2d 1083 (1972)."

Appellee contends *Phoenix Federal, supra*, is distinguishable because *Jeffocat v. Highway Contractors, Inc., supra*, therein cited construed 12 O.S.1971, § 936 which allows an attorney fee to the prevailing party "to be taxed and collected as costs," whereas 36 O.S.Supp.1977, § 3629 B provides upon rendition of judgment "costs *and* attorney fees shall be allowable to the prevailing party." However, we find the statutes semantically indistinguishable. In determining whether 36 O.S.Supp.1977, § 3629 B should be assigned retrospective or prospective effect the differences between attorney fee "to be taxed and collected as costs" (12 O.S.1971, § 936) and "costs and attorney fees shall be allowed to the prevailing party" (36 O.S.Supp.1977, § 3629 B) are not material differences. *Jeffcoat* and *Phoenix Federal* are therefore applicable here.

1. § 3629 B provides in pertinent part: "It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within

The ruling of the trial court is reversed and the cause remanded for determination by the trial court of a reasonable attorney fee to be allowed to appellants.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., dissents.

OPALA, Justice, dissenting:

After an *April 25, 1976* fire loss, an action was brought against the insurer on *February 24, 1977*. By today's opinion the insured—as prevailing parties in that suit—are allowed an additional recovery of an attorney's fee *first* statutorily authorized in an enactment which did not become effective until *October 1, 1977*—almost a full year *after* this litigation had begun. 36 O.S.Supp.1977 § 3629 B.[1] I am unable to join in the court's sanction of the statute's retroactive application to benefit the insured in the case at bar. My dissent from the court's view rests on two grounds:

(1) In Oklahoma—a jurisdiction adhering to the so-called "American rule"—the prevailing party's attorney's fee is *not* a taxable item of *costs*. It may not be recovered absent some legislative enactment authorizing it. *Globe & Republic Insurance Company of America v. Independent Trucking Company*, Okl., 387 P.2d 644, 647 (1963). When statutorily allowed, an attorney's fee does not necessarily fall under the rubric of costs. It is *variable* rather than fixed. Its amount depends on a judicial decision rather than on the clerk's ministerial act of taxation. Were the Oklahoma statutory court cost regime to consist in its entirety of similarly variable tariffs subject to be set according to the judge's broad discretion, it would doubtless be fraught with a serious constitutional infirmity under our Magna Charta-derived Art. 2, § 6, Okl.Con., which wisely prohibits the

ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, *costs and attorney fees* shall be allowable to the prevailing party." [emphasis added]

"sale of justice". *Howe v. Federal Surety Co.*, 161 Okl. 144, 17 P.2d 404, 405 (1933) and *Ex parte Coffelt*, 93 Okl.Cr. 343, 228 P.2d 199, 201 (1951). Because of these characteristics that distinguish an award of attorney's fee to the victor from ordinary costs in the case, the allowance, when statutorily authorized, *should be treated as an additional element of recovery*. *Oliver's Sports' Center, Inc. v. National Standard Insurance Co.*, Okl., 615 P.2d 291, 295–297 (Opala, J., concurring).

(2) As an additional element of recovery an award of attorney's fee to the victor, when statutorily authorized, "creates and enlarges substantive rights" in an action. Legislation which introduces an item of added liability should not be given retroactive application. *Thomas v. Cumberland Operating Co.*, Okl., 569 P.2d 974, 976 (1977). When we do allow recovery of an attorney's fee under a statute which was not in effect when litigation had begun, we wrongly license the legislature to "take away ... [an] existing defense ..." in a pending suit in violation of Art. 5, § 52,[2] Okl. Con. *Maynard v. Central Nat. Bank of Okmulgee*, 185 Okl. 272, 91 P.2d 653 (1939).

I would hold that retroactive application of 36 O.S.Supp.1977 § 3629 B is *prohibited* by the clear command of Art. 5, § 52, Okl. Con.

---

2. Art. 5, § 52, Okl.Con., provides: "The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State. *After suit has been commenced* on any cause of action, *the Legislature shall have no power to take away* such cause of action, or destroy *any existing defense* to such suit." [emphasis added]