### David CARR and Billie Carr, Husband and Wife, Appellees,

### v.

### UNION MUTUAL INSURANCE COMPANY, a corporation, Appellant.

### No. 50919.

Court of Appeals of Oklahoma,
Division No. 1.

March 13, 1979.

Rehearing Denied April 17, 1979.

Certiorari Granted * and Opinion Ordered Published June 13, 1979.

McCombs & McWhirter by Jerry L. McCombs, Idabel, for appellees.

C. H. Spearman, Jr., Edmond, for appellant.

ROMANG, Presiding Judge:

This appeal involves the question of whether a homeowners insurance policy was in effect as to unscheduled personal property at the time of loss by fire. The two propositions of error presented are that the trial court erred in overruling defendant's motion for summary judgment and its demurrer to the evidence.

The plaintiffs, David Carr and Billie Carr, owned a house at Idabel, Oklahoma. They purchased from the defendant, Union Mutual Insurance Company, a Homeowners Policy under which their home and the unscheduled personal property therein were insured. The period of the policy was from noon of June 22, 1975 to noon of June 22, 1976.

* Certiorari was granted for the sole purpose of ordering publication of the opinion of the Court of Appeals.

Plaintiffs' home was mortgaged, and the mortgage was foreclosed. The Decree of Foreclosure was entered on February 27, 1976. The home was sold at foreclosure sale on May 17, 1976.

A fire occurred in the home on May 27, 1976, while plaintiffs were still residing there. The fire destroyed all of plaintiffs' unscheduled personal property in the home and damaged the dwelling. The foreclosure sale was thereafter confirmed by the district court on June 17, 1976.

The present action was filed by the Carrs against Union for loss of their personal property only. Union filed an answer alleging that the policy is a homeowners policy and that the insured must own the real estate and dwelling in order to insure personal property. Thus, the defense in the trial court as well as here, is that the Carrs did not have insurance on their personal property after their home was sold at foreclosure sale.

In the trial transcript, we notice the following colloquy between the court and the attorneys:

BY THE COURT: Excuse me, counsel. It was my understanding that there was no issue in this case about the existence of the policy?

BY MR. BARTON: That is correct, Your Honor.

BY THE COURT: It was my understanding it was stipulated at the Pretrial Conference that you had coverage, except for your contentions that due to the fact that these people no longer owned the real estate, it's your claim that the coverage was voided under the terms of the contract; is that correct?

BY MR. BARTON: That is correct.

BY MR. McCOMBS: That was exactly my understanding.

The trial judge further stated:

BY THE COURT: It was stipulated and agreed by and between the parties to this law suit at the time of the Pretrial Conference that the defendant had issued a policy of insurance to the plaintiff. They denied coverage under the terms of the policy by reason of their allegation that since there was a foreclosure of sale of the real estate that these parties did not have an insurable interest and were not the owners of the policy at the time of the fire. But I think in light of that stipulation that there is no issue here that there was a policy in force and effect.

It is undisputed that Carrs' copy of the insurance policy was destroyed in the fire, and that Union, although timely requested to do so, failed and refused to furnish Carrs a copy before trial. Thus, a copy was not introduced into evidence.

In *Pattison v. State Farm Fire & Casualty Co.*, 209 Kan. 167, 495 P.2d 975, the court syllabus states:

The insurable interest a mortgagor has at the time a policy is issued continues beyond default, foreclosure proceedings, sale of the property, and during the period of redemption, as he has an interest in preserving the property to protect his equity of redemption.

In *Pattison*, a judgment of foreclosure was entered and a foreclosure sale was had. The foreclosure sale was confirmed by the district court on March 13, 1968, and the Pattisons were granted a six month redemption period from March 7, 1968, the date of the sale. The Pattisons remained in possession of the premises under their equity of redemption. A fire occurred on April 23, 1968, which resulted in extensive damage to the property. The *Pattison* court stated in its opinion as follows:

We conclude the mortgagor has an insurable interest after the foreclosure sale and during the period of redemption, which terminates with the expiration of such right—if the mortgaged property should be damaged during the period of redemption, the mortgagors' equity of redemption might well be destroyed.

In 3 Couch on Insurance 2d, § 24:70, p. 155, the rule is stated as follows:

"The insurable interest which a mortgagor has at the time a policy is issued continues beyond default and the beginning of a foreclosure proceed-

ing and after the mortgage foreclosure sale and during the redemption period. . . . While the right in equity to redeem the mortgaged premises exists, the mortgagor retains his insurable interest therein, even though there has been a judgment or decree of foreclosure; . . . ."

In the present case the redemption period, or at least the possibility of redemption, had not expired because the foreclosure sale had not been confirmed at the time of the fire. Therefore the Carrs still had an insurable interest in both the dwelling and their unscheduled personal property. Since the policy remained in effect at the time of the loss and the Carrs had an insurable interest which was insured, they were entitled to recover as a matter of law. We therefore hold that the trial court did not commit error in overruling Union's motion for summary judgment, nor in overruling Union's demurrer to the evidence.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.