2009 OK CIV APP 40

**POPULAR MORTGAGE SERVICING, INC., Plaintiff,**

v.

**Jackie AMES and Shari Ames, Defendants/Appellees,**

**J.P. Duvall and Sue Duvall, Defendants/Appellants.**

No. 106,039.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 26, 2009.

Richard E. Butner, Wewoka, Oklahoma, for Appellants.

Jack Mattingly, Jr., The Mattingly Law Firm, P.C., Seminole, Oklahoma, for Appellees.

LARRY JOPLIN, Judge.

¶ 1 Defendants/Appellants J.P. Duvall and Sue Duvall (Purchasers) seek review of the trial court's order granting the motion for summary judgment of Defendants/Appellees Jackie Ames and Shari Ames (Borrowers), thereby determining Borrowers' entitlement to insurance proceeds in the interpleader action commenced by Plaintiff Popular Mortgage Servicing, Inc. In this accelerated review proceeding, Purchasers challenge the trial court's order as affected by errors of both law and fact.

¶ 2 Borrowers purchased residential real property in the town of Seminole, Oklahoma, secured by a mortgage, and, at all times relevant to these proceedings, Borrowers maintained homeowners' insurance coverage of the premises. Borrowers defaulted on the mortgage, the mortgagee foreclosed, and, on February 22, 2006, Purchasers were high bidder at sheriff's sale. Borrowers nevertheless remained living in the house.

¶ 3 On March 13, 2006, a fire damaged the residence. On May 16, 2006, Borrowers' homeowner's insurer issued a check payable to Borrowers and their mortgagee or assigns in the sum of $43,681.33 for the fire damage. On June 28, 2006, the trial court entered an order confirming the sheriff's sale to Purchasers and Purchasers paid the full bid price.

¶ 4 In December 2006, Plaintiff commenced the instant action in interpleader, and alleged the parties' competing claims to the insurance proceeds. Borrowers filed a motion for summary judgment, and attached evidentiary materials demonstrating that they were the "insureds" under the homeowners' insurance policy at the time of the loss, that Purchasers owned or possessed no

insurable interest in the property at the time of the loss, and that, as the homeowner's policy "insureds," they were entitled to the insurance proceeds.

¶ 5 Purchasers responded, and asserted a counter-motion for summary judgment. To their motion, Purchasers presented evidentiary materials demonstrating their investment of more than $40,000.00 in materials alone for the repair and improvement of the property after the fire. So, said Purchasers, because the terms of Borrowers' mortgage required application of any insurance proceeds to the restoration or repair of the property, because they performed the vast majority of the post-fire repairs, and because Borrowers possessed no interest in the property after the judgment of foreclosure, the fire-loss insurance proceeds should be paid to them.

¶ 6 On consideration of the parties' submissions and arguments, the trial court granted judgment to Borrowers:

> While not identical to the facts recited above, it is this Court's opinion that the authority cited by [B]orrowers, particularly *Willis v. Nowata Land and Cattle Co., Inc.*, 1989 OK 169, 789 P.2d 1282, support its conclusion that the interpled proceeds should be distributed to [them]. Purchasers are correct ... that the [B]orrowers' lender could have required the insurance proceeds be used to restore or repair the premises; however, this mortgagee elected not to pursue this available remedy. If it had, the [P]urchasers would have ultimately benefitted by the utilization of the loss payable proceeds in repair or restoration. The award of such proceeds to the [B]orrowers, indirectly accomplishes the alternative provided to the [B]orrowers' lender under its mortgage—that is, if the lender had chosen the insurance proceeds to pay amounts unpaid under the [B]orrowers note and mortgage, the [B]orrowers would ultimately have received this difference as a surplus above the amount required to satisfy the mortgage holder's judgment. This is because the [B]orrowers retained

an insurable interest and established a contractual relationship with [their homeowners' insurer.]

> While the Court is not unsympathetic to the plight of the [P]urchasers ..., in electing to tender the entire bid amount at the June 28, 2006 confirmation hearing, the [P]urchasers unintentionally ended their right to claim the insurance proceeds. This court is of the opinion that prior to the confirmation hearing, the [P]urchasers could have taken action to have protected their interest in light of the likely diminished value to the subject property as a result of a March 13, 2006 fire. However, in tendering the original bid amount at the confirmation hearing with[out] any action ... to assert additional rights in the property insurance, the [P]urchasers cannot now be heard to claim the loss payable amount tendered by [Borrowers' insurer] to its insureds, the insureds' mortgage holder, and/or assigns of the insureds' mortgage holder. There is nothing in the materials, which claims nor will this Court stretch the original residence insurance contract to make the [P]urchasers third party beneficiaries.

Purchasers appeal, and the matter stands submitted for accelerated review on the trial court record.[1]

### STANDARD OF REVIEW

¶ 7 "Summary judgment is warranted only when 'there is no substantial controversy as to the material facts and ... one of the parties is entitled to judgment as a matter of law[.]' " *Wylie v. Chesser*, 2007 OK 81, ¶ 3, 173 P.3d 64, 66. (Citations omitted.) "For summary judgment for a party to be appropriate the evidentiary materials submitted must demonstrate undisputed facts on material issues supporting but a single inference in favor of that party." *Id.*

¶ 8 "Summary relief issues stand before us for *de novo* review[,][and][a]ll facts and inferences must be viewed in the light most favorable to the non-movant." *Reeds v. Walker*, 2006 OK 43, ¶ 9, 157 P.3d 100, 106–107.

---

1. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S. 2001, Ch. 15, App.

(Footnotes omitted.) "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 11, 160 P.3d 959, 963–964. (Citations omitted.) "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." *Id.*

### Entitlement to Insurance Proceeds

¶ 9 As between the borrower-mortgagor and the lender-mortgagee, the entitlement to insurance proceeds is determined by the terms of the insurance contract. "There are two types of insurance policy clauses which protect the mortgage lender against hazards of loss or damage to mortgaged premises: (1) the loss payable clause and (2) the standard mortgage clause." *Willis v. Nowata Land and Cattle Co., Inc.*, 1989 OK 169, ¶ 10, 789 P.2d 1282, 1286.

¶ 10 "Under the *loss payable clause* the mortgage lender has a derivative right to recover the insurance proceeds, which is *completely dependent* upon the validity of mortgagor's (borrower's) claim against the insurer." *Nowata Land and Cattle Co., Inc.*, 1989 OK 169, ¶ 11, 789 P.2d at 1286. (Emphasis original.) Under a loss payable clause, "[t]he *mortgage lender's interest* in the funds is treated as a security for his debt and *ceases when the debt is extinguished.*" *Id.* (Emphasis added.)

¶ 11 "The *standard mortgage clause,* on the other hand, operates to create an *independent contract* between the insurer and the mortgage lender so as to protect the latter from the borrower's misconduct and to shield the lender's own interest in the property." *Nowata Land and Cattle Co., Inc.*, 1989 OK 169, ¶ 12, 789 P.2d at 1286 (Emphasis original); *National Fire Ins. Co. of Hartford, Conn. v. Finerty Inv. Co.*, 1934 OK 546, ¶ 0(2), 38 P.2d 496.[2] "[I]nsurance proceeds under standard mortgage clause represent indemnity for loss or harm to lenders' *own* interest." *Nowata Land and Cattle Co., Inc.*, 1989 OK 169, ¶ 14, 789 P.2d at 1287 (Emphasis original).

¶ 12 In any event, the rights of the mortgagor and mortgagee, "in the event of loss by fire, are to be determined according to the status of [their] interest at the time such fire occurs." *National Fire Ins. Co. of Hartford, Conn. v. Finerty Inv. Co.*, 1934 OK 546, ¶¶ 0(3), 8, 38 P.2d 496, 498. " 'The insurable interest a mortgagor has at the time a policy is issued continues beyond default, foreclosure proceedings, sale of the property, and during the period of redemption, as he has an interest in preserving the property to protect his equity of redemption.' " *Carr v. Union Mut. Ins. Co.*, 1979 OK CIV APP 15, ¶ 10, 598 P.2d 269, 270–271 (Released for Publication by Order of Supreme Court); *Phoenix Federal Sav. and Loan v. Great Southwest Fire Ins. Co.*, 1979 OK CIV APP 49, ¶ 5, 603 P.2d 356, 357–358 (Approved for Publication by Supreme Court); *National Fire Ins. Co. of Hartford, Conn.*, 1934 OK 546, ¶ 0(2), 38 P.2d at 496. And, "[s]o long as the borrower's insurable interest remain[s] unextinguished the mortgage lender ha[s] an equitable charge on the fire indemnity proceeds." *Nowata Land and Cattle Co., Inc.*, 1989 OK 169, ¶ 4, 789 P.2d at 1284. (Footnote omitted).

¶ 13 Consequently, where the covered property suffers an insured loss after proceedings to foreclose the mortgagor's interest have been commenced, but before confirmation of the sale and the consequent termination of the mortgagor's right of redemption, the insured mortgagor is entitled to payment of the insurance proceeds, subject to the equitable claim of the secured mortgagee. *Nowata Land and Cattle Co., Inc.*, 1989 OK 169, ¶ 4, 789 P.2d at 1284; *Carr,* 1979 OK CIV APP 15, ¶¶ 9–11, 598 P.2d at 270–271. The purchaser at sheriff's sale acquires an interest which, prior to confirmation, the purchaser may insure, but a sheriff's sale purchaser ordinarily has no claim to the proceeds of the mortgagor's insurance until the rights of both the mortga-

---

2. "A standard or union mortgage clause attached to an insurance policy by its very terms contemplates the possibility of foreclosure of the mortgage and provides full protection to the mortgagee or its assigns at all stages of such a foreclosure proceeding."

gor and mortgagee are fixed by confirmation of the sale. 3 Couch on Insurance, § 42:67 (3rd Ed.) (West 2008); 4 Couch, § 65:59; 44 Am.Jur.2d, Insurance, § 953; 46A C.J.S., Insurance, § 1939.

¶ 14 In the present case, it is undisputed that the premises insured by Borrowers suffered a covered loss after the sheriff's sale to Purchasers, but before confirmation of the sale. As in *Carr,* "the redemption period, or at least the possibility of redemption, had not expired," Borrowers "still had an insurable interest in both the dwelling and their unscheduled personal property," and "[s]ince the policy remained in effect at the time of the loss and [Borrowers] had an insurable interest which was insured, they were entitled to recover as a matter of law." 1979 OK CIV APP 15, ¶ 11, 598 P.2d at 271.

¶ 15 We therefore hold that the trial court did not err in granting the Borrowers' Motion for Summary Judgment, or in denying Purchasers' Motion for Summary Judgment. The order of the trial court is AFFIRMED.

MITCHELL, C.J., and HANSEN, P.J., concur.